PLEC *v.* LIQUOR CONTROL COMMISSION.

1. STATES—SEPARATION FROM CIVIL SERVICE—COURT OF CLAIMS—
   CIVIL SERVICE COMMISSION.
   In action by civil service employee to recover amount he other-
       wise would have been paid following alleged illegal discharge
       until re-employment and then for difference between amount
       he was paid and amount he claims he should have been paid,
       plaintiff's remedy for determination of the real reason for
       separation in the first instance was not within the jurisdiction
       of the court of claims but, under the statute and its successor
       constitutional amendment, was a matter for the civil service
       commission (Act No. 346, Pub. Acts 1937; Const. 1908, art.
       6, § 22, as added in 1940).

2. SAME—CIVIL SERVICE COMMISSION.
   The State civil service commission is vested by the Constitu-
       tion with plenary powers in its sphere of authority (Const.
       1908, art. 6, § 22).

3. SAME—AMENDMENT OF CONSTITUTION.
   The civil service amendment to the Constitution superseded all
       previous legislative civil service acts and wiped out previous
       State commissions and their official acts (Const. 1908, art. 6,
       § 22, as added in 1940; Act No. 346, Pub. Acts 1937, as
       amended).

4. SAME—CIVIL SERVICE COMMISSION—POWERS—REVIEW OF ACTION.
   The State civil service commission is empowered by the Consti-
       tution to approve or disapprove disbursements for all personal
       service, hence, in the first instance would be empowered to
       determine whether or not a civil service employee was paid all
       of the amount to which he was entitled, a determination then
       reviewable by the Supreme Court (Const. 1908, art. 6, § 22,
       as added in 1940).

REFERENCES FOR POINTS IN HEADNOTES
[5] 3 Am. Jur., Appeal and Error, § 1008.

5. Appeal and Error—Reasons for Decision.

Where the trial judge reaches the right conclusion in deciding a case, the Supreme Court does not disturb the result attained even though other reasons should have been assigned.

6. Judgment—Stipulations.

Decision in one case is controlling in companion cases where stipulation to that effect is filed in the case.

Appeal from the Court of Claims; Souter (Dale), J., presiding. Submitted October 5, 1948. (Docket No. 16, Calendar No. 43,717.) Decided November 12, 1948.

Claim by Walter Plec against Liquor Control Commission for salary claimed to be due. Judgment for defendant. Plaintiff appeals. Affirmed.

*Irving H. Small,* for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Meredith H. Doyle,* Assistants Attorney General, for defendant.

North, J. From April, 1937, to June 15, 1939, plaintiff was employed by the Michigan liquor control commission at a salary of $150 per month. On the latter date, at which time he had a civil service classification as liquor store manager A-1, he was dismissed from the service. On October 8, 1941, he was re-employed. Upon being re-employed and until January 15, 1943, plaintiff was paid at the rate of $145 per month, but on the latter date his salary was increased to $150 per month and subsequently he received further increases in pay. Plaintiff's suit involves two separate claims. First, on the ground that his dismissal on June 15, 1939, was unlawful, plaintiff seeks recovery of $4,155 as the amount he

otherwise would have been paid up to October 8, 1941, when he was re-employed. Plaintiff also claims that from the above date of his re-employment until January 15, 1943, he should have been paid $150 per month instead of $145 per month, amounting to $71.25. Plaintiff brought suit in the court of claims. Upon trial the court denied plaintiff's right of recovery and he has appealed.

As to plaintiff's claimed right of recovering the salary he would otherwise have earned during the period of his alleged unlawful discharge from service, it is obvious that the fundamental issue involved is whether or not plaintiff was in fact unlawfully discharged. Relative to that issue, as well as other issues involved in plaintiff's alleged right of recovery, defendants set up in their answer, among other defenses, the following:

"For further answer to plaintiff's petition herein, defendants allege that this court (of claims) does not have jurisdiction over the subject matter of the action."

The defense urged that the court of claims was without jurisdiction has already been passed upon and sustained in *Wolski* v. *Unemployment Compensation Commission,* 315 Mich. 181. In the *Wolski Case,* as in the instant case, the alleged right of action arose under the civil service statute prior to adoption of the civil service amendment to the Constitution which became effective January 1, 1941, and the case was brought in the court of claims subsequent to the adoption of the constitutional amendment. Wolski was hired by the Michigan unemployment compensation commission in December, 1937, and remained in the commission's employment until March 29 or 30, 1939. He brought his suit in the court of claims for loss of salary in February, 1942. The trial court, holding that it was without authority

to try the regularity of Wolski's separation from his employment, disallowed his claim, and on appeal to this Court the judgment entered accordingly was affirmed. In our opinion we said:

"Plaintiff is bound by the provisions of the law under which he makes his claim. Act No. 346, Pub. Acts 1937, was superseded by the amendment to the State Constitution, 'to establish a new system of civil service for State employment,' effective January 1, 1941.* Under the amendment as well as under Act No. 346, *supra,* plaintiff's remedy was, in the first instance, with the civil service commission. A review of the commission's determination might then be had in this Court. *Reed* v. *Civil Service Commission,* 301 Mich. 137, 160, 161. * * *

"The trial court was without authority to try the regularity of plaintiff's separation. The ruling to that effect is affirmed. * * * It was for the State civil service commission to determine the controversy over the real reason for separation in the first instance."

The above ruling obviously arises from and is sound because of the fact that the civil service commission by the above mentioned constitutional amendment is vested with plenary powers in its sphere of authority.

"The civil service amendment to the Constitution superseded all previous legislative civil service acts and wiped out previous commissions and their official acts (Const. 1908, art. 6, § 22, as added in 1940; Act No. 346, Pub. Acts 1937, as amended)." *Reed* v. *Civil Service Commission* (syllabus), 301 Mich. 137.

In the instant case, so far as disclosed by the record, plaintiff has never sought or had a hearing before and a determination by the civil service com-

---

* See Const. 1908, art. 6, § 22, adopted in 1940.—Reporter.

mission as to the regularity or lawfulness of his separation from his employment with the liquor control commission; and determination of that issue was not within the jurisdiction of the court of claims.

The remaining item for which plaintiff seeks recovery is his claim that from October 8, 1941, to January 15, 1943, during which period he was paid at the rate of $145 per month, he should have been paid $150 per month, amounting to $71.25. The trial court correctly held plaintiff could not recover for this item. The record before us is not very convincing that incident to plaintiff's re-employment on October 8, 1941, there was, as he asserts, an agreement that he should be paid $150 per month. But aside from that phase of the record, plaintiff cannot recover this item for the following reason. Plaintiff's right to so recover accrued after January 1, 1941, when by amendment article 6, § 22, of the 1908 Constitution became effective. The cited section in part provides:

"The State civil service shall consist of all positions in the State service except those filled by popular election [and certain other exceptions not herein material]. * * *

"The commission shall * * * approve or disapprove disbursements for all personal services."

In view of the above constitutional provision plaintiff's sole remedy in the first instance was to submit his claim of this character for consideration and determination to the civil service commission; and its decision, if adverse to defendant, would have been subject to review in this Court, as in *Sullivan v. State Board of Tax Administration,* 290 Mich. 664. Plaintiff, so far as the record discloses, did not submit this item of his claim to the civil service commission; and under the circumstances the court of claims was without jurisdiction.

We are mindful that decision in the trial court was based solely upon another phase of the law. "However where the trial judge reaches the right conclusion in deciding a case, we do not disturb the result attained even though other reasons should have been assigned." *McNair* v. *State Highway Department*, 305 Mich. 181, 188.

Because of a stipulation to that effect in the trial court, decision herein will be controlling in four other companion cases. The judgment entered in the court of claims is affirmed, with costs of this Court to appellee.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, BUTZEL, and CARR, JJ., concurred. DETHMERS, J., did not sit.