### WELFARE EMPLOYEES UNION *v.* CIVIL SERVICE COMMISSION

1. ADMINISTRATIVE LAW AND PROCEDURE—EXHAUSTION OF REMEDIES.
     A plaintiff is ordinarily required to exhaust all available administrative remedies before seeking court relief; however, the law does not require a plaintiff to exhaust administrative remedies under any and all circumstances.

2. ADMINISTRATIVE LAW AND PROCEDURE—EXHAUSTION OF REMEDIES —USELESS ACT.
     Exhaustion of administrative remedies before seeking relief in the courts is not required where it is obvious that to demand exhaustion would be to require a useless effort.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 2 Am Jur 2d, Administrative Law § 595 *et seq.*
[2] 2 Am Jur 2d, Administrative Law § 605.
[3] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[5, 7, 8] 22 Am Jur 2d, Declaratory Judgments § 10.
[6] 4 Am Jur 2d, Appeal and Error § 119.
[9–11] 48 Am Jur 2d, Labor and Labor Relations § 1191 *et seq.*
[12, 13] 48 Am Jur 2d, Labor and Labor Relations § 1156.

3. APPEAL AND ERROR—DECLARATORY JUDGMENT—FINDINGS OF FACT
   —STANDARD OF REVIEW.

   Findings of fact made in conjunction with a declaratory judg-
   ment action will not be reversed unless clearly erroneous.

4. ADMINISTRATIVE LAW—EXHAUSTION OF REMEDIES—CIVIL SERVICE
   COMMISSION.

   Plaintiff union was not required to exhaust its administrative
   remedies before seeking a declaratory judgment as to whether
   it had the right to bargain collectively with the Civil Service
   Commission where the administrative remedy provided was
   an appeal to the Civil Service Commission and the Civil
   Service Commission had already determined that it was not
   required nor empowered to negotiate with the plaintiff.

5. DECLARATORY JUDGMENT—ACTUAL CONTROVERSY.

   Actual controversy is a condition precedent to the invocation of
   declaratory relief (GCR 1963, 521.1).

6. DECLARATORY JUDGMENT—APPEAL AND ERROR—DE NOVO REVIEW.

   A review of a declaratory judgment proceeding is *de novo*.

7. DECLARATORY JUDGMENT—ACTUAL CONTROVERSY—EXISTENCE.

   Actual controversy in an action for declaratory relief exists
   where a declaratory judgment or decree is necessary to guide
   the plaintiff's future conduct in order to preserve his legal
   rights.

8. DECLARATORY JUDGMENT—ACTUAL CONTROVERSY—LABOR RELA-
   TIONS—COLLECTIVE BARGAINING.

   Actual controversy existed in plaintiff's action for declaratory
   relief where the legal right at issue was the plaintiff's right
   to bargain collectively with the defendants and the defendants
   denied the plaintiff's right to bargain with them.

9. LABOR RELATIONS—CIVIL SERVICE COMMISSION—POWERS—CONSTI-
   TUTIONAL LAW.

   The Civil Service Commission has, by constitution, supreme power
   over its employees; the legislature is constitutionally pre-
   cluded from enacting laws providing for the resolution of
   disputes concerning public employees in the state classified
   civil service (Const 1963, art 4, § 48; art 11, § 5).

10. STATUTES—LABOR RELATIONS—PUBLIC EMPLOYEES RELATIONS ACT
    —SCOPE—CLASSIFIED CIVIL SERVICE.

    The public employees relations act is not applicable to state
    employees in the state classified civil service.

11. LABOR RELATIONS—CIVIL SERVICE COMMISSION—COLLECTIVE BAR-
GAINING.

> Only the Civil Service Commission has the power to provide for
> grievance procedures for classified civil servants; there is no
> constitutional right to bargain collectively in the state clas-
> sified civil service (Const 1963, art 11, § 5).

12. CONSTITUTIONAL LAW—EQUAL PROTECTION—GOVERNMENTAL OB-
JECTIVES—ARBITRARY AND CAPRICIOUS DISCRIMINATION.

> The equal protection guarantees of the state and Federal consti-
> tutions do not bar all discrimination but only prohibit arbitrary
> and capricious discrimination which is not reasonably related
> to legitimate governmental objectives.

13. LABOR RELATIONS—CLASSIFIED CIVIL SERVANTS—COLLECTIVE BAR-
GAINING—CONSTITUTIONAL LAW—EQUAL PROTECTION.

> Denying state classified civil servants the right to bargain col-
> lectively with the Civil Service Commission while other public
> employees have been given, by legislation, the right to bargain
> collectively with their employer does not constitute a denial
> of equal protection, because the legislature deemed it is neces-
> sary that the Civil Service Commission retain full control over
> state classified civil service employees in an attempt to reduce
> political patronage (Const 1963, art 11, § 5; MCLA § 423.201).

Appeal from Wayne, Thomas Roumell, J. Sub-
mitted Division 1 June 10, 1970, at Detroit. (Docket
No. 9,025.) Decided December 2, 1970. Leave to
appeal denied April 8, 1971. 384 Mich 824.

Complaint by Welfare Employees Union against
the State Civil Service Commission, the State De-
partment of Social Services, its Director, the Di-
rector of the Wayne County Department of Social
Services, and the Attorney General, for a declara-
tory judgment as to its right to bargain collectively
with the Civil Service Commission. Judgment for
plaintiff. Defendants appeal. Affirmed in part,
amended in part, and remanded.

*Philo, Maki, Ravitz, Glotta, Adelman, Cockrel &
Robb,* for plaintiff.

*MacLean, Seaman, Laing & Guilford,* for defendant Civil Service Commission.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maxine Boord Virtue* and *Milton I. Firestone* and *William R. Rudell,* Assistant Attorneys General, for the other defendants.

Before: HOLBROOK, P. J., and R. B. BURNS and O'HARA,* JJ.

R. B. BURNS, J.  Plaintiff union, pursuant to GCR 1963, 521, sought declaratory relief in the Wayne County Circuit Court.  Plaintiff represents certain employees of the Wayne County Department of Social Services, a sub-unit of the Michigan Department of Social Services.  The circuit judge determined that the state Department of Social Services had embarked upon a plan of reorganization which would affect the wages, hours of work, and working conditions of employees represented by plaintiff.  It was also determined that various negotiation requests by plaintiff had been rejected and that "the Department of Social Services and the Civil Service Commission have concluded that under the Michigan statutes they are not required to, and in fact are not empowered to, negotiate with plaintiff union * * * as regards wages, hours of work, and other working conditions".

In essence the plaintiff's complaint for declaratory judgment seeks an answer as to whether the union has the right to collectively bargain with the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Civil Service Commission regarding the effect of
the reorganization plan on working conditions.   The
lower court entered the following declaratory judg-
ment:

"A. Michigan's public employment relations act
of 1965 is not applicable to state employees in the
classified service of the state under the jurisdiction
of the Michigan Civil Service Commission for any of
the legal processes, provisions, and administrative
remedies which that act provides to all other public
employees.

"B. Employees of the state classified service un-
der the jurisdiction of the Michigan Civil Service
Commission have the right to collectively bargain
with their employer as pertains to wages, hours of
work, and other conditions of employment, but such
collective bargaining must be conducted pursuant to
and within the ambit of authority contained in Ar-
ticle 11 of the 1963 state constitution and as such
authority and responsibility has been specifically
given and assigned to the Michigan Civil Service
Commission for administration and implementation.

"C. That the plaintiff herein and its membership
in seeking to pursue their grievances with the de-
fendants in the area of concern described in the
pleadings, must do so pursuant to the grievance pro-
cedures and other related plans as have been estab-
lished and as are presently current with both the
appointing authority of the employees herein in-
volved, but more particularly with such grievance
procedures and related plans for effectuating nego-
tiations as have been established and promulgated
by the Michigan Civil Service Commission for the
resolution of such matters as are the basis for this
complaint."

The trial court enjoined the reorganization proce-
dure during the pendency of this appeal.

The defendants' claims of error are as follow:

## I.

Defendants claim their motion for dismissal or for summary judgment should have been granted because:

(A) Plaintiff failed to exhaust its administrative remedies which prevented the trial court from taking jurisdiction; or

(B) No actual controversy exists on the record since defendants were denied their right to file an answer.

## (A)

The members of the plaintiff union are in the classified civil service and thus subject to regulation by the state Civil Service Commission. Const 1963, art 11, § 5. The defendants argue that Article 11, § 5 of the Michigan constitution provides plaintiff a remedy by appeal to the Civil Service Commission[1] and that the state Department of Civil Service has set up a system of conferences to implement this remedy.[2]

Michigan law ordinarily requires a plaintiff to exhaust all available administrative remedies prior to seeking court relief. *Plec* v. *Liquor Control Com-*

---

[1] The Michigan Constitution of 1963 provides, at Article 11, § 5, in pertinent part as follows:

"The [civil service] commission shall  *  *  *  regulate all conditions of employment in the classified [civil] service.

*     *     *

"Any employee considering himself aggrieved by the abolition or creation of a position shall have a right of appeal to the [civil service] commission through established grievance procedures."

[2] A bulletin entitled "State Employee Relations Policy, Amended April 26, 1966" was issued by the state Department of Civil Service to all civil service employees. Rules VI, 1–7 and VIII provide for a grievance procedure by conferences with duly recognized employee organizations.

*mission* (1948), 322 Mich 691; *Nelles* v. *Superintendent of Public Instruction* (1966), 5 Mich App 47. However, the law does not require one to exhaust administrative remedies under any and all circumstances. The law does not impose the exhaustion rule where it is obvious that to do so would require a useless effort.

"The law will not require a citizen to undertake a vain and useless act. The law does not require useless expenditures of effort." *Trojan* v. *Township of Taylor* (1958), 352 Mich 636, 639. Followed in *Sterling Secret Service, Inc.,* v. *Department of State Police* (1969), 20 Mich App 502.

The trial judge has determined that plaintiff's attempts at seeking its administrative remedy with the Civil Service Commission has been in vain. In fact, the defendants have previously concluded that they were not required nor empowered to negotiate with the plaintiff concerning the reorganization plan. This Court will not reverse findings of fact made in conjunction with a declaratory judgment action unless clearly erroneous. *McComb* v. *McComb* (1967), 9 Mich App 70. The pleadings support the trial court's findings. This Court also notes the provisions of GCR 1963, 521.1 and 521.3 which provide that the existence of other available remedies does not preclude declaratory relief in cases where it is appropriate. This is an appropriate case.

## (B)

"Actual controversy" is a condition precedent to invocation of declaratory relief under GCR 1963, 521.1. *Corporation & Securities Commission* v. *American Motors Corporation* (1966), 4 Mich App 65. Defendants contend that actual controversy was absent in this case because they were denied the

right to answer the complaint. The record fails to disclose any such denial. GCR 1963, 117.4 requires the court to fix the time for further pleading subsequent to a denial of summary judgment "if any is necessary". An answer was not necessary in this case. The defendants did not object to the statement of facts made by the trial judge. Nor did defendants request the right to file an answer when the trial judge asked if there was any reason why a declaratory judgment should not be issued. The record discloses that much of the lower court proceedings were conducted with informality and that certain agreements were undoubtedly reached as to issues and facts during informal conferences. This informality plus the defendants' acquiescence as to the lower court proceedings persuades this Court that the defendants had dispensed with the necessity of filing an answer.

Since review of a declaratory judgment proceeding is *de novo, McComb* v. *McComb, supra,* this Court will review the entire record in determining whether the actual controversy prerequisite to declaratory relief existed at trial level.

Actual controversy exists where a declaratory judgment or decree is necessary to guide plaintiff's future conduct in order to preserve its legal rights. *Updegraff* v. *Attorney General* (1941), 298 Mich 48; *Sterling Secret Service, Inc.* v. *Department of State Police, supra.* The right to collectively bargain was the legal right at issue in the declaratory action filed by the plaintiff. The determination of this right was necessary to guide the plaintiff in its future relations with the defendants. For example, if this alleged right was found to be rooted in the public employees' relation act of 1965 (MCLA § 423.201, *et seq.* [Stat Ann 1968 Rev § 17.455, *et seq.*]) the plaintiff

would be entitled to the rights and remedies against unfair labor practices contained in the act.[3]

The defendants took a position adverse to that of the plaintiff and rejected negotiation attempts. Actual controversy existed.

## II.

Defendants claim the declaratory judgment entered by the trial court is not a clear and accurate statement of the rights of the parties.

Part A of the declaratory judgment states that the public employees' relation act is not applicable to state employees in the state classified civil service. We agree. The Michigan constitution of 1963 clearly gives the Civil Service Commission supreme power over its employees.[4] In fact, the legislature is constitutionally precluded from enacting laws providing for the resolution of disputes concerning public employees in the classified service. Const 1963, art 4, § 48.[5] The constitutional supremacy of the Michigan Civil Service Commission with respect to state employees in the classified civil service has been consistently recognized by the Michigan Supreme Court. *Reed* v. *Civil Service Commission* (1942), 301 Mich 137; *Civil Service Commission* v.

---

[3] MCLA §§ 423.210, 423.216 (Stat Ann 1968 Rev §§ 17.455[10], 17.455[16]).

[4] The Civil Service Commission derives its authority from Article 11, § 5 of the constitution of 1963 which reads in part as follows:
"The commission shall classify all positions in the classified service according to their respective duties and responsibilities, fix rates of compensation for all classes of positions, approve or disapprove disbursements for all personal services, determine by competitive examination and performance exclusively on the basis of merit, efficiency and fitness the qualifications of all candidates for positions in the classified service, make rules and regulations covering all personnel transactions, *and regulate all conditions of employment in the classified service."* (Emphasis supplied.)

[5] "The legislature may enact laws providing for the resolution of disputes concerning public employees, *except those in the state classified civil service."* (Emphasis supplied.)

*Auditor General* (1942), 302 Mich 673; *Plec* v. *Liquor Control Commission, supra.* The employees represented by the plaintiff union are members of the state classified service[6] and thus do not fall within the provisions of the public employees' relation act.

Part B of the declaratory judgment states that employees of the state classified service under the commission's jurisdiction have the right to collectively bargain with their employer.

The constitution of 1963 does not expressly give public employees the right to collectively bargain. The phrase "right to collectively bargain" in part B of the judgment can be construed as meaning that the various state agencies are obligated to bargain with the union in the same manner as are public employers who are subject to the Michigan public employees' relation act of 1965. If the phrase is construed in that manner it is completely inaccurate. The commission controls all conditions of employment and is vested with plenary powers in its sphere of authority. *Robinson* v. *Department of State* (1969), 20 Mich App 231. Only the Civil Service Commission has the power to provide for grievance procedures because it alone has the power to "regulate *all* conditions of employment" in the state classified civil services. Const 1963, art 11, § 5. (Emphasis supplied.)

Part C of the declaratory judgment is an accurate statement of the law. The plaintiff must pursue its grievances according to procedures promulgated by the Civil Service Commission. The plaintiff's right in this case, which the commission readily acknowledged, is to participate in the conference procedures established by the commission.

---

[6] "The director, employees and assistants of the county department shall be appointed by the state department * * * from among persons certified as qualified by the state Civil Service Commission * * * ." MCLA § 400.45 (Stat Ann 1968 Rev § 16.445).

Plaintiff asserts that, in light of the legislative grant of the right to bargain given other public employees, to deny it the right to bargain would be discriminatory and in violation of its equal protection rights under both the Michigan and United States Constitutions.

The equal protection guarantees do not bar all discrimination. They prohibit only arbitrary and capricious discrimination which is not reasonably related to legitimate governmental objectives. *Fox v. Employment Security Comm.* (1967), 379 Mich 579. The right of public employees to bargain with their governmental employer is not a basic constitutional right. The legislature was not constitutionally compelled to enact the public employees' relation act in 1965; it did so in order to provide a meaningful *quid pro quo* for anti-strike legislation. The commission provided a similar *quid pro quo* for civil service employees by establishing conference procedures.[7] The people of Michigan deemed it necessary for the commission to retain full control over state classified civil service employees in an attempt to reduce political patronage. 2 Official Record, Constitutional Convention 1961, p 3377.

This Court bows to the people's prerogative; the classification is neither arbitrary nor capricious.

The case is remanded for the reasons stated here with the following instructions:

Parts A and C of the declaratory judgment are affirmed. Part B is amended to read as follows:

"B. State classified employees under the jurisdiction of the Civil Service Commission are subject to

---

[7] Civil Service Commission Rule XIV prohibits employee strikes by threat of suspension or dismissal. Non-classified public employees are also prohibited from striking:

"No person holding a position * * * in the government of the State of Michigan * * * shall strike." MCLA § 423.202 (Stat Ann 1968 Rev § 17.455[2]).

regulations promulgated by that body including anti-strike provisions. The commission is not required to extend to state classified employees collective bargaining benefits."

Remanded for further proceedings consistent with this opinion.

All concurred.