ELBY *v.* LIVERNOIS ENGINEERING CO.

1. ADMINISTRATIVE LAW—EXHAUSTION OF REMEDIES—FUTILE ACT.
   Exhaustion of administrative remedies before commencing legal proceedings is not required where to seek relief in the administrative channel would be a futile act.

2. ADMINISTRATIVE LAW—EXHAUSTION OF REMEDIES—PROFIT SHARING PLAN—ADVISORY BOARD—DETERMINATION OF ELIGIBILITY.
   Plaintiff employees were not required, prior to commencing legal proceedings to determine their eligibility under their employer's profit sharing plan, to seek a determination of their eligibility from an advisory board pursuant to the profit sharing trust agreement where seeking a determination from that board would have been a futile act since the employer had denied their eligibility and the advisory board was a mere creature of the employer.

3. CONTRACTS—AMBIGUITY—CONSTRUCTION AGAINST DRAFTER.
   The terms of a contract which are ambiguous will be construed against the drafter of that contract.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 October 7, 1971, at Detroit. (Docket No. 10551.) Decided November 26, 1971.

Complaint by Dale Elby, for himself and as representative of all persons having an interest in Livernois Engineering Company Profit Sharing Trust, against Livernois Engineering Company for a determination of eligibility under the trust. Sum-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 2 Am Jur 2d, Administrative Law § 595 *et seq.*
[3] 17 Am Jur 2d, Contracts § 240 *et seq.*

mary judgment for plaintiff.   Defendant appeals.
Affirmed.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn &
Freid, P. C.,* for plaintiff.

*Oglesby & Oglesby (MacLean & Proppe,* of coun-
sel), for defendant.

Before: LESINSKI, C. J., and V. J. BRENNAN and
O'HARA,* JJ.

PER CURIAM.   This is an appeal from a summary
judgment for plaintiff; the case was tried on an
agreed statement of facts.   It involves the status of
16 of defendant's former employees under a profit-
sharing trust agreement.   The employees involved
were employed by defendant for a portion of 1968;
the question is whether or not they are entitled to
benefits under the trust agreement for the year 1968.
The trial court ruled that they were so entitled; de-
fendant appeals.

The trial court ruled that the agreement did not
require plaintiff to seek a determination of his status
from the "advisory board" established by the agree-
ment and therefore defendant's argument that plain-
tiff failed to exhaust his administrative remedies was
without merit.   We agree that that argument is with-
out merit, but for a different reason.   The trust
agreement did provide that the advisory committee
would determine "all doubtful cases of eligibility to
participate in this Plan and Trust".   However, de-
fendant had refused participation under the trust to
plaintiff for the year in question.   The advisory

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

board was defendant's creature and seeking a determination from that board would have been futile.[1] Plaintiff was therefore not required to seek such a ruling before commencing legal proceedings. *Welfare Employees Union* v. *Civil Service Commission* (1970), 28 Mich App 343.

The remaining arguments in this case revolve around the trial court's reading of the contract and interpretation thereof. We agree with his rulings, and affirm them, but add an additional basis. The best that can be said of defendant's arguments is that they make out a case for the ambiguity of the contract. In such circumstances the ambiguity will be construed against the drafter.

Affirmed.

---

[1] The Trust Agreement, Article VI, paragraph 1 provides:

"The Board of Directors of Livernois Engineering Co. shall appoint a committee of not less than three to be known as the 'Advisory Committee' (hereinafter sometimes referred to as the 'Committee') who shall serve at the pleasure of the board of said company. Vacancies in the Committee arising by resignation, death, removal or otherwise, shall be filled by the board."