## INTERNATIONAL UNION OF CIVIL RIGHTS AND SOCIAL SERVICE EMPLOYEES v MICHIGAN CIVIL SERVICE COMMISSION

1. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—POWERS—CONSTITUTIONAL LAW.

   The State Civil Service Commission possesses plenary power and may determine, consistent with due process, the procedures by which employment matters are regulated in the state classified service (Const 1963, art 4, § 48, art 11, § 5).

2. ADMINISTRATIVE LAW—AGENCIES—POWERS—SUSPENSION OF RULES.

   An administrative agency may amend, rescind or suspend its rules and regulations and has not exhausted its power to regulate an area by having already made a particular enactment in that area.

3. APPEAL AND ERROR—ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—POWERS.

   A decision of the Civil Service Commission to suspend its regulations will not be disturbed on appeal where that decision is authorized by law and supported by competent, material and substantial evidence.

4. CONSTITUTIONAL LAW—EQUAL PROTECTION—EQUALITY OF OPERATION—REASONABLENESS—CLASSES.

   The guaranty of equal protection of the law is not one of equality of operation or application to all citizens of the state, but rather equality of operation or applicability within the class affected, which classification must be reasonable.

5. CONSTITUTIONAL LAW—EQUAL PROTECTION.

   The federal Constitution does not require things which are differ-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 15 Am Jur 2d, Civil Service §§ 6, 8–11, 16–19.
[2] 1 Am Jur 2d, Administrative Law § 69 *et seq.*
[4, 6, 7] 16 Am Jur 2d, Constitutional Law §§ 496–501.
[5] 16 Am Jur 2d, Constitutional Law §§ 488, 540, 541.
[8] 15 Am Jur 2d, Civil Service § 34.

ent in fact or opinion to be treated in law as though they are the same.

6. CONSTITUTIONAL LAW—EQUAL PROTECTION—CLASSES—DISCRIMINATION—BURDEN OF PROOF.

One who assails a classification on the grounds that it violates equal protection of the law has the burden of showing that the classification has no reasonable basis, since the equal protection guarantees do not bar all discrimination, but only arbitrary and capricious discrimination which is not reasonably related to legitimate governmental objectives.

7. CONSTITUTIONAL LAW—EQUAL PROTECTION—CLASSES—APPLICATION.

Equal protection of the law is not denied by the state to an individual when the course of legal proceedings which are applied to him would also be applied to any other person in the state under similar circumstances and conditions.

8. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—REGULATIONS—SUSPENSION OF REGULATIONS—EMPLOYEE GROUPS—RECOGNITION.

Plaintiffs were properly excluded from the class of employee groups previously granted recognition by the Civil Service Commission where recognition was previously granted to those groups in compliance with regulations in existence at the time of recognition, the regulations had been suspended, and the suspension was within the authority of the commission.

Appeal from Wayne, John R. Kirwan, J. Submitted Division 1 December 11, 1974, at Detroit. (Docket No. 19015.) Decided January 8, 1975.

Complaint by the International Union of Civil Rights and Social Service Employees, Civil Rights Local 102, and Social Services Local 101 against the Michigan Civil Service Commission for a declaratory judgment as to the authority of the Michigan Civil Service Commission to suspend its rules governing recognition of employee organizations. Michigan State Employees Association intervened as a party defendant. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Glotta, Adelman & Dinges* (by *Diane L. Middleton),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney,* Assistant Attorney General, for the Michigan Civil Service Commission.

*Fraser, Trebilcock, Davis & Foster* (by *Robert W. Stocker, II),* for the Michigan State Employees Association.

Before: BRONSON, P. J., McGREGOR and CARLAND,* JJ.

CARLAND, J. This is an appeal by the plaintiffs from an adverse ruling in the Wayne County Circuit Court.

On February 1, 1971, the Michigan Civil Service Commission adopted regulations on recognition of employee organizations and dues deductions. Plaintiffs organized and formally requested recognition on June 3, 1971.

On June 23, 1971, Michigan Civil Service Commission directed that "acceptance of further applications for recognition * * * shall be indefinitely held by the staff for determination of its possible effect upon the stability of employment relations in the classified state civil service. Those provisions of the SERP [State Employee Relations Policy] and the Regulations on Recognition shall be temporarily suspended in its application to new applicants for recognition". Thereafter the Michigan Civil Service Commission called for the creation of a special neutral and impartial advisory committee to review and make recommendations,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and set forth the procedure for the establishment of such committee. The plaintiffs contend that the order was improper on two grounds. First, the Michigan Civil Service Commission did not have the authority to suspend its employee organization recognition regulations and hold all new applications for employee organizations recognitions in abeyance pending study of the entire subject matter. Secondly, the plaintiff was denied equal protection of the law when it was denied recognition.

The Michigan Civil Service Commission is an administrative agency existing under the Constitution; Const 1963, art 11, § 5:

"The commission shall classify all positions in the classified service according to their respective duties and responsibilities, fix rates of compensation for all classes of positions, approve or disapprove disbursements for all personal services, determine by competitive examination and performances exclusively on the basis of merit, efficiency and fitness the qualifications of all candidates for positions in the classified service, make rules and regulations covering all personnel transactions, and regulate all conditions of employment in the classified service."

The Civil Service Commission possesses plenary power and may determine, consistent with due process, the procedures by which matters are regulated relative to employment in the state classified service. *Plec v Liquor Control Commission,* 322 Mich 691; 34 NW2d 524 (1948); *Groehn v Corporation and Securities Commission,* 350 Mich 250; 86 NW2d 291 (1957); *Viculin v Department of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971).

"The above ruling obviously arises from and is sound because of the fact that the civil service commission by the above mentioned constitutional amendment is

vested with plenary powers in its sphere of authority."
*Plec, supra,* 694.

See also *Welfare Employees Union v Civil Service
Commission,* 28 Mich App 343, 351–352; 184 NW2d
247, 251 (1970), where this Court held that:

"The Michigan constitution of 1963 clearly gives the
Civil Service Commission supreme power over its em-
ployees. * * * The constitutional supremacy of the
Michigan Civil Service Commission with respect to
state employees in the classified civil service has been
consistently recognized by the Michigan Supreme
Court."

*Civil Service Commission v Auditor General,* 302
Mich 673; 5 NW2d 536 (1942); *Reed v Civil Service
Commission,* 301 Mich 137; 3 NW2d 41 (1942);
*Plec, supra.*

Therefore, the only question is whether, based
upon the commission's plenary authority, the com-
mission may suspend its present recognition rules
and hold all recognition applications in abeyance
pending the completion of the present study.

An administrative agency may amend, rescind
or suspend its rules and regulations. Agencies may
also have discretion to suspend a rule or regula-
tion pending its administrative review. An admin-
istrative agency does not exhaust its power to
make rules and regulations by having made a
particular enactment. It may modify or repeal its
rules and regulations, 2 Am Jur 2d, Administra-
tive Law, §§ 309, 310.

Under these circumstances, the commission was
acting within its authority when it suspended its
regulations as to recognition of employee organiza-
tions. A review of the record shows that the deci-
sion of the commission was authorized by law and

was supported by competent, material and substantial evidence.

Plaintiff contends that the action of the commission in granting recognition to the employees organizations which had filed and were accorded status before the suspension of the rules constituted a discriminatory action depriving them of equal protection under the law.

In *Tomlinson v Tomlinson,* 338 Mich 274, 278;¹ 61 NW2d 102, 104 (1953), cited with approval in *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972), the Michigan Supreme Court observed that:

> "[T]he guaranty of equal protection of the law is not one of equality of operation or application to all citizens of the State or nation, but rather one of *equality of operation or applicability within the particular class affected,* which classification must, of course, be reasonable." (Emphasis added.)

In *Kriger v Mutual Aid Pact,* 49 Mich App 7, 11; 211 NW2d 228, 231 (1973), this Court quoted with approval:

> " 'The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.' *Tigner v Texas,* 310 US 141, 147; 60 S Ct 879, 882; 84 L Ed 1124 (1940).
>
> " '[T]he Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways.' *Reed v Reed,* 404 US 71, 75; 92 S Ct 251, 253; 30 L Ed 2d 225, 229 (1971), cited in *Krause v State, supra,* 146; 285 NE2d 744."

In *Welfare Employees Union v Civil Service Commission,* 28 Mich App 343, 353; 184 NW2d 247, 252 (1970), this Court stated:

> "The equal protection guarantees do not bar all dis-

crimination. They prohibit only arbitrary and capricious discrimination which is not reasonably related to legitimate governmental objectives. *Fox v Employment Security Commission,* (1967), 379 Mich 579, [153 NW2d 644]."

One who assails a classification on the grounds that it violates equal protection of the law has the burden of showing that the classification has no reasonable basis. *Wilkins v Ann Arbor City Clerk,* 385 Mich 670; 189 NW2d 423 (1971). Plaintiff failed to sustain this heavy burden of proof.

The Court in *Kriger* at p 12 adopted the rule in *Wood v Jackson County,* 463 SW2d 834, 835 (Mo, 1971), which aptly stated that:

" ' "It is a general rule that equal protection of the laws is not denied by a course of procedure which is applied to legal proceedings in which a particular person is affected, if such a course would also be applied to any other person in the state under similar circumstances and conditions. Equal protection of the laws of a state is extended to persons within its jurisdiction, within the meaning of the Fourteenth Amendment to the Federal Constitution, when its courts are open to them on the same condition as to others in like circumstances, with like rules of evidence and modes of procedure, for the security of their persons and property, the prevention and redress of wrongs, and the enforcement of contracts." 16 Am Jur 2d, Constitutional Law, § 533, p 923.' "

This Court would agree with the lower court's opinion in that plaintiff's argument appears to be without merit. No showing is made that all employee groups, subsequent to the suspension of the rules on recognition were not treated identically.

"Plaintiffs have failed to present this showing in their pleadings. No showing is made that all employee groups, subsequent to the suspension of the SERP and

Rules on Recognition, were not treated identically. Plaintiffs have not shown nor alleged that certain employee groups were granted recognition and dues check-off rights subsequent to the suspension of the SERP and Rules on Recognition by the MCSC. Plaintiffs' attempt to include itself in the class of employee groups granted recognition and check-off rights prior to the suspension of the SERP and Rules on Recognition is not proper. The recognition of these units was made in compliance with rules and regulations in existence at the time of recognition. For a legitimate reason, these rules were suspended. As discussed, the suspension was an act within the authority of the MCSC." (Opinion of trial court, pp 8–9.)

Plaintiffs have not shown nor alleged that certain employee groups were granted recognition subsequent to the suspension of the rules here involved by the commission.

For the foregoing reasons, the judgment in favor of the defendants is affirmed.

All concurred.