FEBRUARY 3, 1982

SHAVERS v ATTORNEY GENERAL. (Docket Nos. 57916, 57931, 57934, 57935.) On order of the Court, the opinion in *Shavers v Attorney General*, 402 Mich 554 (1978), subsequent acts of the Michigan Legislature (1979 PA 145 and 1979 PA 147), the briefs of the parties, the oral argument in this Court, and the opinion of the Wayne Circuit Court after our November 21, 1979 (407 Mich 1153) remand order are considered. Because there has been no further claim that this act, as recently amended, is unconstitutional, we decline to so hold. However, this order should not be construed as foreclosing future attacks on the constitutionality of the act based upon the concerns expressed in our opinion. For the reason just stated, the judgment of the trial court in this case is affirmed. *Harry G. Iwasko, Jr.,* Assistant Attorney General, *Tom Downs* and *Michael A. Zagaroli (Downs, Pirich & Downs, P.C.), Lawrence D. Owen (Reid, Reid, Mackay, Emery & DeVine, P.C.), John K. Cooper, Jr., James D. Tracy (Dykema, Gossett, Spencer, Goodnow & Trigg),* and *Theodore Souris (Bodman, Longley & Dahling),* arguing for the proposition that recent amendments to the no-fault insurance act cure due process deficiencies. *Sheldon L. Miller (Lopatin, Miller, Bindes, Freedman, Bluestone, Erlich & Rosen)* and *Harry M. Philo* arguing that they do not. ·

LEVIN, J., dissents and states as follows:

In *Shavers v Attorney General*, 402 Mich 554, 593, 607-610 (1978), this Court remanded this matter to the trial court retaining jurisdiction and stated:

"The first and most important issue before us, stated in its general terms, is whether § 3101(1) of the act, which requires registrants and operators of motor vehicles to maintain *compulsory* personal injury protection insurance, property damage insurance, and residual liability insurance, is constitutional.

\*   \*   \*

"*At a minimum,* this Court holds that no-fault insurance does not satisfy constitutional due process unless:

"1. The Legislature and/or the Commissioner of Insurance (pursuant to his present rule-making authority, MCL 500.2484; MSA 24.12484), give substantial meaning to the statutory standards 'Rates shall not be excessive, inadequate or unfairly discriminatory'. See MCL 500.2403; MSA 24.12403; MCL 500.3340; MSA 24.13340.

"2. A filed rate, or a rate determined on administrative or judicial review, provides and sets forth:

"a) premiums reasonable to insured and insurer for the specific insurance coverage without regard to factors assertedly warranting differences in premiums among those insured;

"b) the factors which properly may be considered by the insurer in differentiating premiums among those insured; and

"c) the amount of differential appropriate for each such factor.

"3. Such information for each insurer is publicized in such a manner that every person affected can readily ascertain the factors and amounts of differentials applicable to him and calculate the premium the insurer may charge.

"4. Every motorist has the opportunity to obtain a prompt and effective administrative review of an insurer's calculation of the factors, differentials and premium applicable to him and a prompt and effective administrative review of the basis for the refusal or cancellation of insurance.

"(4) Our holding the no-fault act's 'compulsory insurance requirement' unconstitutional because of the inadequacies that exist in the present statutory system for making no-fault insurance available at fair and reasonable rates raises crucial jurisprudential and social considerations.

"We are deeply aware that our holding not only directly affects the problems of motorists and the insurance business in this state, but that it also substantially affects our entire system of civil justice.

"We also assume that, because of our otherwise constitutional approval of the general statutory schemata under the no-fault act (e.g., the personal injury protection insurance and property damage protection insurance schemata), the Legislature and the Commissioner of Insurance will seek to remedy the constitutional deficiencies articulated supra.

"We therefore believe it best, for purposes of the general jurisprudence, the general welfare of the public, and the administration of justice in our state to hold the 'compulsory insurance requirement' of the no-fault act unconstitutional (for the reasons articulated supra) effective as of 18 months from the issuance of this opinion.

"At an appropriate time before 18 months from the issuance of this opinion, we will re-examine the constitutional status of the no-fault act in terms of remedying the present due process deficiencies. Any party or person wishing to file briefs or be heard shall make timely inquiry of the clerk as to the proper procedure. This Court will take whatever action appears appropriate at that time."

Subsequently, the Legislature amended the Insurance Code by enacting the Essential Insurance Act, 1979 PA 145 and 1979 PA 147. This Court then entered the following order:

"By order of June 8, 1978 (402 Mich 554), this Court reserved ruling on the question of the constitutionality of § 3101(1) of 1972 PA 294 for a period of 18 months. The Legislature has enacted and the Governor signed 1979 PA 145 in which concerns expressed in this Court's opinion have been addressed. The Court has received briefs and heard

oral argument on the question of whether deficiencies mentioned in this Court's 1978 opinion have been corrected. The Court being of the opinion that assessment of the 1979 legislation as well as the Insurance Commissioner's Rules would be advanced by an evidentiary record, it is hereby ordered that this cause is remanded to the Wayne Circuit Court for purposes of taking proofs on such issues concerning the 1979 legislation and the Insurance Commissioner's Rules as may be raised on remand and rendering judgment as to the constitutionality of § 3101(1) of 1972 PA 294 in light of the recently enacted 1979 PA 145 by the trial judge who rendered the declaratory judgment in this cause. Proofs should commence to be taken within 60 days of the date of this order. To facilitate review of the trial court judgment the period during which this Court reserves ruling on the constitutionality of § 3101(1) is extended until the further order of this Court.

"COLEMAN, C.J., and RYAN, J., state: We concur in the Court's order in all respects save that provision thereof which directs trial court consideration of the 'Insurance Commissioner's Rules' because the referenced rules have not been approved and adopted pursuant to the provisions of the Administrative Procedures Act, 1969 PA 306, effective July 1, 1970, as amended." 407 Mich 1153-1154.

Thereafter, the circuit judge, in an opinion dated June 16, 1980, said:

"Subsequent to the receipt of this order, this court held two pretrial conferences, one on Thursday, December 13, 1979, and one on Wednesday, January 9, 1980. At these pretrial conferences, it was agreed by all parties that, with the exception of two remotely possible factual matters, there were no factual issues to be adjudicated on remand.

"Four issues of law were agreed upon. These issues are:

"1. Do 1979 Public Acts 145 and 147 and/or the relevant regulations of the Commissioner of Insurance give substantial meaning to the statutory standards, 'Rates shall not be excessive, inadequate, or unfairly discriminatory?'

"2. Do 1979 Public Acts 145 and 147 and/or the relevant regulations of the Commissioner of Insurance provide a mechanism which would require that filed rates, or rates determined on administrative or judicial review provide:

"(a) Premiums reasonable to insured and insurer for the specific insurance coverage without regard to factors assertedly warranting differences in premiums among those insured;

"(b) The factors which properly may be considered by the insurer in differentiating premiums among those insured; and

"(c) The amount of differentials appropriated for each such factor.

"3. Do 1979 Public Acts 145 and 147 and/or the relevant regulations of the Commissioner of Insurance require each insurer to publish information in such a manner that every person affected can readily ascertain the facts and amounts of differentials applicable to him or her, and calculate the premium the insurer may charge.

"4. Do 1979 Public Acts 145 and 147 and/or the relevant regulations of the Commissioner of Insurance provide every motorist the opportunity to obtain a prompt and effective administrative review of an insurer's calculation of factors, differentials, and total premiums applicable to him or her, and a prompt and effective administrative review of the basis for refusal or cancellation of insurance.

"Briefs were filed by all parties, and oral argument was held on Monday, March 24, 1980.

"At oral argument, it was determined that the relevant regulations of the Commissioner of Insurance have not been approved by the Legislature, and it was agreed by all parties that the case would be decided only on the statute.

"In addition, all parties agreed that Act 145 adequately addressed Issues 3 and 4, and that the answers to these questions were yes. Therefore it is not necessary to consider whether Public Act 145 adequately remedies the defects of § 3101(1) in these two respects. The questions in Issues 3 and 4 are answered in the affirmative, and Public Act 145 does require each insurer to publish information in such a manner that every person affected can readily ascertain the factors and amounts of differentials applicable to him or her, and calculate the premium the insurer may charge. Further, the act does provide every motorist the opportunity to obtain a prompt and effective administrative review of an insurer's calculation of factors, differentials, and total premiums applicable to the insured. There is also prompt and effective administrative review of the basis for refusal or cancellation of insurance."

After discussing the contentions of the parties regarding Issues 1 and 2, the circuit judge concluded "that the answers to Issues 1 and 2 are yes. Public Act 145 has cured the defects ordered to be cured by *Shavers.*"

The Court today decides the question of whether the 1979 amendments adequately resolve the concerns set forth in *Shavers* without the benefit of any presentation by counsel for the parties following the filing of the circuit judge's opinion. To be sure, this Court did say in *Shavers* "[a]ny party or person wishing to file briefs or be heard shall make timely inquiry of the clerk as to the proper procedure. This Court will take whatever action appears appropriate at that time." Footnote 34 reads: "The Legislature, in whatever manner it

deems appropriate, is invited to be represented at this Court's re-examination of the constitutional status of the no-fault act."

Counsel for Shavers may, therefore, have been under an obligation to "make timely inquiry of the clerk as to the proper procedure". I would think, however, that this Court would desire the benefit of the assistance of counsel before deciding any question, especially one as complex and important as the question that it today decides without the benefit of such assistance.

I dissent because I would express no opinion without adversary briefing and oral argument. See *Rennell v City of Birmingham,* 406 Mich 967 (1979), where this Court entered the following order:

"Leave to appeal considered June 5, 1979. The Court of Appeals erred in failing to provide an opportunity for defendant to respond to findings of fact and conclusions of law which had been returned, after the case had been orally submitted, pursuant to a remand order. Therefore, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we vacate the Court of Appeals judgment and remand the case to the Court of Appeals for plenary consideraton by a panel of the Court of Appeals composed of judges other than those who determined this case. We retain no jurisdiction."