OAKLEY v DEPARTMENT OF MENTAL HEALTH (ON REMAND)

Docket No. 75611. Submitted December 27, 1983, at Lansing.—Decided June 14, 1984.

Bernadine Oakley, an employee of the Department of Mental Health, was injured as a result of an attack by a patient. She eventually brought an original action for mandamus in the Court of Appeals to compel the Department of Mental Health and its acting director to pay her statutory supplemental benefits and regular fringe benefits for the injury. The Court of Appeals granted the request for a writ of mandamus. 122 Mich App 638 (1983). The defendants sought leave to appeal to the Supreme Court which, in lieu of granted leave, vacated the judgment of the Court of Appeals and remanded for consideration of the defendants' argument that the Michigan Constitution deprived the Legislature of the power to grant the statutory supplemental benefits at issue in the case. 418 Mich 886 (1983). On remand, *held:*

The supplemental benefits provision of the Mental Health Code, which authorizes certain supplemental payments to employees of the Department of Mental Health who are injured as a result of assaults by mental health service recipients, does not impermissibly infringe upon the powers granted to the Civil Service Commission by Const 1963, art 11, § 5, with respect to the fixing of compensation of classified employees.

Writ granted.

1. MENTAL HEALTH — STATUTES — INJURED EMPLOYEES — CONSTITUTIONAL LAW.

A provision of the Mental Health Code which provides for supplemental wage benefits for employees of the Department of Mental Health who are injured as a result of an assault by a

REFERENCES FOR POINTS IN HEADNOTES

[1] 15A Am Jur 2d, Civil Service § 10 *et seq.*

53 Am Jur 2d, Master and Servant § 139 *et seq.*

82 Am Jur 2d, Workmen's Compensation § 329.

Employer's liability to employee or agent for physical injury received as result of assault by third person. 9 ALR3d 517.

[2, 3] 16 Am Jur 2d, Constitutional law § 212 *et seq.*

mental health services recipient does not unconstitutionally infringe upon the powers delegated to the Civil Service Commission by the constitution (MCL 330.1113; MSA 14.800[113]).

2. STATUTES — JUDICIAL CONSTRUCTION.

Legislative enactments are presumed to be constitutional.

3. CONSTITUTIONAL LAW — JUDICIAL CONSTRUCTION.

The interpretation to be given a constitutional provision is that which reasonable minds would give it, considering the circumstances surrounding the adoption of the provision and the purpose sought to be accomplished by its adoption; wherever possible, an interpretation that does not create constitutional invalidity is preferred to one that does.

*DeMoss & Thompson* (by *John B. DeMoss),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Thomas R. Wheeker,* Assistants Attorney General, for defendant.

## ON REMAND

Before: T. M. BURNS, P.J., and BEASLEY and D. E. HOLBROOK, JR., JJ.

PER CURIAM. In January, 1983, this Court issued an opinion, reported at 122 Mich App 638; 332 NW2d 552 (1983), which granted plaintiff Bernadine Oakley's request for a writ of mandamus requiring defendants, Michigan Department of Mental Health and the acting director of the Department of Mental Health, to provide her with statutory supplemental and fringe benefits for a work-related injury. On December 15, 1983, the Supreme Court vacated that judgment and remanded to this Court "for consideration of defendants' argument that Const 1963, art 11, §5 de-

prived the Legislature of power to grant the benefits at issue in the case". 418 Mich 886 (1983).

Defendants contend that the supplemental benefits statute, 1976 PA 414, represents a clear example of legislative infringement on the authority given the Civil Service Commission (CSC) over wages, compensation and conditions of employment pursuant to Const 1963, art 11, § 5. In our initial opinion, we stated:

"The statute, which operates as an amendment to the employment contract of every Department of Mental Health employee, furnishes a wage continuation plan in the event that an employee 'is injured as a result of an assault by a recipient of mental health services'. In our view, the Legislature had a laudable, rational basis for enacting the statute." *Oakley, supra,* p 643.

Further consideration of the issue leads us to the same conclusion. We do not agree that the supplemental benefits provision, MCL 330.1113; MSA 14.800(113), of the Mental Health Code, MCL 330.1001 *et seq.;* MSA 14.800(1) *et seq.,* is unconstitutional because it impermissibly infringes upon the powers delegated to the Civil Service Commission by the Michigan Constitution.

Initially, it should be noted that, as a general rule, legislative enactments are presumed to be constitutional.[1] The statute in question was enacted by 1976 PA 414 and provides as follows:

"A person employed by the department who is injured as a result of an assault by a recipient of mental

[1] *Shavers v Attorney General,* 402 Mich 554, 613-618; 267 NW2d 72 (1978), *reh den* 403 Mich 958 (1978), *cert den* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979), *sp order* 412 Mich 1105; 315 NW2d 130 (1982); *American Amusement Co, Inc v Dep't of Treasury,* 91 Mich App 573, 576; 283 NW2d 803 (1979), *lv den* 407 Mich 942 (1979), *app dis* 446 US 931; 100 S Ct 2145; 64 L Ed 2d 783 (1980).

health services shall receive his full wages by the department until workmen's compensation benefits begin and then shall receive in addition to workmen's compensation benefits a supplement from the department which together with the workmen's compensation benefits shall equal but not exceed the weekly net wage of the employee at the time of the injury. This supplement shall only apply while the person is on the department's payroll and is receiving workmen's compensation benefits and shall include an employee who is currently receiving workmen's compensation due to an injury covered by this section. Fringe benefits normally received by an employee shall be in effect during the time the employee receives the supplement provided by this section from the department."

With respect to defendants' claim, the state constitution provides, in pertinent part, as follows:

"The commission shall classify all positions in the classified service according to their respective duties and responsibilities, fix rates of compensation for all classes of positions, approve or disapprove disbursements for all personal services, determine by competitive examination and performance exclusively on the basis of merit, efficiency and fitness the qualifications of all candidates for positions in the classified service, make rules and regulations covering all personnel transactions, and regulate all conditions of employment in the classified service."[2]

The constitution also provides for the passage of "suitable laws for the protection and promotion of the public health" by the Legislature.[3] And, while it is clear that "[t]he Civil Service Commission posseses plenary power and may determine, consistent with due process, the procedures by which matters are regulated relative to employment in

---

[2] Const 1963, art 11, § 5.

[3] Const 1963, art 4, § 51.

the state classified service",[4] the commission's powers are not unlimited.[5]

In *Council No 11, AFSCME v Civil Service Comm*,[6] the Court said:

"In *Traverse City School Dist v Attorney General*, 384 Mich 390, 405-406; 185 NW2d 9 (1971), this Court addressed the matter of interpreting constitutional language:

" 'The primary rule is the rule of "common understanding" described by Justice COOLEY:

" ' "A constitution is made for the people and by the people. *The interpretation that should be given it is that which reasonable minds, the great mass of the people themselves would give it.* 'For as the Constitution does not derive its force from the convention which framed, but from the people who ratified it, *the intent to be arrived at is that of the people,* and it is not to be supposed that they have looked for any dark or abstruse meaning in the words employed, *but rather that they have accepted them in the sense most obvious to the common understanding,* and ratified the instrument in the belief that that was the sense designed to be conveyed.' (Cooley's Const Lim 81).' " (Emphasis in *Traverse City School Dist.)*

\*   \*   \*

" 'A second rule is that to clarify meaning, the circumstances surrounding the adoption of a constitutional provision and the purpose sought to be accomplished may be considered. On this point this Court said the following:

" ' "In construing constitutional provisions where the meaning may be questioned, the court should have

---

[4] *International Union of Civil Rights & Social Service Employees v Civil Service Comm,* 57 Mich App 526, 529; 226 NW2d 550 (1975), citing *Plec v Liquor Control Comm,* 322 Mich 691; 34 NW2d 524 (1948); *Groehn v Corporation & Securities Comm,* 350 Mich 250; 86 NW2d 291 (1957); *Viculin v Dep't of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971).

[5] *Dep't of Civil Rights ex rel Jones v Dep't of Civil Service,* 101 Mich App 295, 300; 301 NW2d 12 (1980), *lv den* 411 Mich 1034 (1981).

[6] 408 Mich 385, 405, 408; 292 NW2d 442 (1980).

regard to the circumstances leading to their adoption and the purpose sought to be accomplished." *Kearney v Board of State Auditors,* 189 Mich 666, 673 [155 NW 510] (1915).

" 'A third rule is that wherever possible an interpretation that does not create constitutional invalidity is preferred to one that does.'

\* \* \*

"We do not wish to be understood as qualifying in any way this Court's earlier holding that

" 'the Civil Service Commission by [the constitutional grant of authority] is vested with plenary powers in its *sphere of authority.'* (Emphasis added.) *Plec v Liquor Control Comm,* 322 Mich 691; 34 NW2d 524 (1948).

"Since that grant of power is from the Constitution, any executive, legislative or judicial attempt at incursion into that 'sphere' would be unavailing. We intend, rather, to be understood as emphasizing that the commission's 'sphere of authority' delimits its rule-making power and confines its jurisdiction over the political activity of classified personnel to on-the-job behavior related to job performance."

Article 11, § 5 speaks only of "compensation", not disability compensation for injured employees. Also, disability compensation is not a "condition of employment", *i.e.,* it is not an "employment-related activity involving internal matters".[7]

More importantly, if the supplemental benefits provision of the Mental Health Code is unconstitutional because it infringes on the commission's "sphere of authority", then so too is the Worker's Disability Compensation Act, as that act by its terms applies to public employees subject to the commission's authority.[8] Likewise, similar supplemental benefit provisions covering other specific groups of state employees subject to on-the-job

[7] 408 Mich 406-407.

[8] MCL 418.111; MSA 17.237(111); MCL 418.115; MSA 17.237(115); MCL 418.151; MSA 17.237(151); MCL 418.161; MSA 17.237(161).

assaults would also be unconstitutional.[9] However, neither the Worker's Disability Compensation Act nor the similar supplemental benefits provisions have been subjected to a constitutional challenge precisely like that advanced by defendants. Disability compensation is properly viewed as merely a method to provide for "the general welfare of the people of the state". Thus, the supplemental benefits provision contained in the Mental Health Code does not infringe upon the commission's "sphere of authority" and does not violate the state constitution as defendants allege.

Writ granted.

---

[9] See, *e.g.,* MCL 38.11181; MSA 3.366(1) (classified employees of the Department of State); MCL 400.1c; MSA 16.401(3) (Department of Social Services employees); MCL 791.263a; MSA 28.2323(1) (Department of Corrections employees).