WYSOCKI v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

1. CONSTITUTIONAL LAW—EQUAL PROTECTION—NO-FAULT LEGISLA-
TION.

   The no-fault insurance legislation is still in the experimental
   stage and the traditional equal protection test must be applied
   where the legislation is challenged on an equal protection basis
   (US Const, Am XIV, Const 1963, art 1, § 2).

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—TRADITIONAL TEST.

   The traditional equal protection test applied to a legislative
   classification includes two inquiries: (1) is the classification
   based on natural distinguishing characteristics and does it bear
   a reasonable relationship to the object of the legislation, and (2)
   are all persons of the same class included and affected alike or
   are immunities or privileges extended to an arbitrary or unrea-
   sonable class while denied to others of like kind?

3. CONSTITUTIONAL LAW—LEGISLATURE CLASSIFICATION—PRESUMPTION
OF VALIDITY.

   Legislative classification generally should be presumed valid, as
   the Legislature has broad discretion in distinguishing between
   different classes; however, a classification must not be arbitrary
   or unreasonable, it must be germane to the object of the
   legislation, and it must be made uniform in its operation upon
   all persons of the class to which it naturally applies.

4. INSURANCE—NO-FAULT INSURANCE—REDUCTION IN BENEFITS—CON-
STITUTIONAL LAW—STATUTES.

   A section of the no-fault insurance act which reduces no-fault
   benefits by the amount of any compensation paid under any
   state or Federal law but not by the amounts paid by private
   insurance is arbitrary and unreasonable and is therefore un-
   constitutional (MCLA 500.3109[1]; MSA 24.13109[1]).

REFERENCE FOR POINTS IN HEADNOTES
[1, 4] Am Jur 2d, New Topic Service, No-fault Insurance §§ 12, 13.
[2, 3] 16 Am Jur 2d, Constitutional Law § 506 *et seq.*
[5] Am Jur 2d, New Topic Service, No-fault Insurance § 22.

5. Insurance—Automobile Insurance—Set-Off Provisions—Public
   Policy—Support by Statute.

   A set-off provision in an automobile insurance policy which
   provides for a reduction in benefits by the amount of any
   benefits payable under any state or Federal law is void where
   the provision is patently offensive to public policy and is not
   supported by the sanction of a valid statute covering such
   provisions.

Appeal from Wayne, James Montante, J. Sub-
mitted June 22, 1977, at Detroit. (Docket No.
29314.) Decided August 22, 1977. Leave to appeal
applied for.

Complaint by Andrew Wysocki, Jr., against De-
troit Automobile Inter-Insurance Exchange to en-
join the defendant from reducing benefits payable
to the plaintiff under a policy of insurance. Judg-
ment for plaintiff. Defendant appeals. Affirmed.

*Burdick & McNeill, P. C.,* for plaintiff.

*Selby, Dickinson, Pike, Mourad & Brandt* (by
*Ronald R. Hanlon),* for defendant.

Before: Beasley, P. J., and V. J. Brennan and
J. R. McDonald,* JJ.

V. J. Brennan, J. Plaintiff Andrew Wysocki, Jr.,
filed a complaint and petition for order to show
cause on March 19, 1976, to prevent defendant
Detroit Automobile Inter-Insurance Exchange
from reducing benefits payable to plaintiff under
its policy of insurance. Plaintiff contended that a
provision of the Michigan no-fault act which pro-
vides for the deduction of governmental benefits
from the personal protection insurance benefits
provided by the act was unconstitutional. MCLA
500.3109(1); MSA 24.13109(1). Plaintiff also con-

* Circuit judge, sitting on the Court of Appeals by assignment.

tended that the policy provision to the same effect was contrary to the spirit and intent of the law and was thus unenforceable.

In the hearing on June 18, 1976, before circuit judge James Montante, the trial court declared MCLA 500.3109(1); MSA 24.13109(1) unconstitutional. Judge Montante further held that "Defendant having relied on the contract provision and the approval of same by the Insurance Commissioner of the State of Michigan, and the Court having held MCLA 500.3109(1) unconstitutional, said contract provision is invalid and unenforceable".

The facts involved in this appeal have been stipulated by the parties and approved as a settled record by the trial court. Plaintiff was injured in an automobile accident on October 13, 1974. At the time of the accident, he carried a policy of insurance with defendant which provided for personal injury protection benefits pursuant to the Michigan no-fault act. Plaintiff was paid $1,982.50 monthly as work loss benefits.

Subsequently, plaintiff was determined to be totally disabled by the Social Security Administration and was awarded Social Security benefits of $451 per month. Pursuant to MCLA 500.3109(1); MSA 24.13109(1), defendant proceeded to deduct the amount of Social Security benefits available to plaintiff from the amount of work loss benefits defendant was previously paying. A specific provision of the insurance policy also allowed for such deduction.

Plaintiff filed this action to prevent the reduction in benefits by defendant. In holding for the plaintiff, Judge Montante stated:

"It is hereby declared that MCLA 500.3109(1) is un-

constitutional for the reasons set forth by Judge Horace W. Gilmore on Pages 84 through 92 of his Opinion in *Catherine Shavers, et al vs. Frank J. Kelly, Attorney General of the State of Michigan, et al,* Civil Action No. 73-248-068-CZ, and for the reasons set forth on Pages 256 through 261 of *Catherine Shavers, et al,* Plaintiffs' Court of Appeals Brief submitted in said case;

"It is further declared that Defendant having relied on the contract provision and the approval of same by the Insurance Commissioner of the State of Michigan, and the Court having held MCLA 500.3109(1) unconstitutional, said contract provision is invalid and unenforceable."

On appeal, defendant brings two allegations of error. We will address each as presented.

We must first decide whether MCLA 500.3109(1); MSA 24.13109(1) violates the Equal Protection provisions of the United States and Michigan Constitutions.

The provision under attack by plaintiff provides as follows:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury." MCLA 500.3109(1); MSA 24.13109(1).

In deciding for plaintiff, the trial court in the instant case relied upon the reasoning set forth by Wayne County Circuit Judge Horace W. Gilmore in *Shavers v Attorney General,* 73-248-068-CZ. However, we note that this Court has since then reversed Judge Gilmore's holding that MCLA 500.3109(1); MSA 24.13109(1) violates the Equal Protection Clauses of the United States and Michigan Constitutions. We stated there:

"Plaintiffs have made no showing that the provisions of the no fault act dealt with [including MCLA 500.3109(1)] * * * have or are likely to work to their disadvantage. A decision on the issues decided * * * was not 'necessary to guide plaintiffs' future conduct in order to preserve [their] legal rights'. *Welfare Employees Union v Civil Service Comm, supra* [28 Mich App 343; 184 NW2d 247 (1970)], 28 Mich App at 350. It was, therefore, inappropriate for the trial court to include [the provisions] in its judgment." *Shavers v Attorney General,* 65 Mich App 355, 363; 237 NW2d 325 (1975), *lv granted,* 396 Mich 869 (1976).

We discussed the proper standard to apply to the no-fault act in determining whether that act violates equal protection of the law in *Schigur v Secretary of State,* 73 Mich App 239, 248; 251 NW2d 567 (1977). We commented there:

"Since our system of no fault insurance legislation is undeniably still in the experimental stage, we conclude that we must apply the traditional equal protection test in the present case.

"Two statements of that test were endorsed by the Supreme Court in *Alexander v Detroit,* 392 Mich 30; 219 NW2d 41 (1974):

" '(1) Are the enactment's classifications based on natural distinguishing characteristics and do they bear a reasonable relationship to the object of the legislation? * * * .

" '(a) Are all persons of the same class included and affected alike or are immunities or privileges extended to an arbitrary or unreasonable class while denied to others of like kind?' 392 Mich at 35–36. (Citations omitted.)

"See also *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975), *lv granted,* 396 Mich 869 (1976), for its discussion of equal protection challenges to several provisions of the no-fault act." *Schigur v Secretary of State, supra* at 248.

Generally, legislative classification should be

presumed valid, as the Legislature has broad discretion in distinguishing between different classes. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 666–667; 232 NW2d 636 (1975). However, legislative classification must not be arbitrary or unreasonable. Such classification must be germane to the object of the legislation, and must be made uniform in its operation upon all persons of the class to which it naturally applies. *Fox v Employment Security Commission,* 379 Mich 579, 588–589; 153 NW2d 644 (1967).

We were faced with a similar problem recently in *O'Donnell v State Farm Mutual Automobile Insurance Co,* 70 Mich App 487; 245 NW2d 801 (1976), *lv granted,* 397 Mich 848 (1976). In *O'Donnell,* plaintiffs were the wife and children of a man killed in an automobile accident. Decedent was covered by a no-fault insurance policy by defendant, and plaintiffs were dependents of decedent for purposes of survivors loss benefits.

Plaintiffs were entitled to the maximum benefits of $1,000 per 30-day period for three years after decedent's death as permitted by the no-fault act, MCLA 500.3108; MSA 24.13108. However, from the monthly maximum benefits amount, defendant deducted $560, the sum plaintiffs received in Social Security benefits. This deduction was made pursuant to MCLA 500.3109(1); MSA 24.13109(1). Plaintiffs challenged the constitutionality of the no-fault provision.

We held that the section was patently unreasonable and discriminatory and stated:

"In *Bowser v Jacobs,* 36 Mich App 320; 194 NW2d 110 (1971), this Court was concerned with the constitutionality of a section of the Motor Vehicle Accident Claims Act which prevented those covered by workmen's compensation from recovering under the Act.

The plaintiffs were injured while in the course of their employment, by uninsured motorists. They received workmen's compensation and sought recovery against the uninsured motorist fund. The Secretary of State sought dismissal of the suits, relying upon a section of the Act which barred recovery by an injured person if he was covered by workmen's compensation. It was demonstrated that those who had private insurance coverage were not similarly barred from recovery against the fund. This Court struck down the legislative classification as unconstitutionally discriminatory. Like the legislative classification in *Bowser,* § 3109(1) which allows personal protection benefits plus private insurance benefits to one group, but deducts from personal protection benefits anything received from a government program is arbitrary and unreasonable. We find no legitimate purpose for establishing such a distinction which arbitrarily discriminates against those who receive certain government benefits.

"We find MCLA 500.3109(1); MSA 24.13109(1) to be unconstitutional." *O'Donnell v State Farm Insurance, supra* at 497–498.

We see no reason to deviate from the result and reasoning expressed here. Therefore, we do not hesitate in again affirming the unconstitutionality of MCLA 500.3109(1); MSA 24.13109(1). The trial court's decision must be sustained.

Defendant also asserts that, notwithstanding the unconstitutionality of this provision, the contract of insurance in existence between the parties controlled the rights of the parties, thus sustaining the particular pre-existing provision in plaintiff's contract.

The policy of insurance issued by defendant to plaintiff contained a condition under limited liability which provided for deduction of benefits provided or required to be provided under the laws of any state or the Federal government from the personal protection insurance benefits otherwise

payable for bodily injury. Both parties agree that the provision is virtually identical to MCLA 500.3109(1); MSA 24.13109(1).

In *O'Donnell,* we reached the following holding:

"We find MCLA 500.3109(1); MSA 24.13109(1) to be unconstitutional. As such, the act is void and of no effect as of the date of enactment. *Briggs v Campbell, Wyant & Cannon Foundry Co,* 379 Mich 160; 150 NW2d 752 (1967). As such, the statute confers no rights upon and affords no protection to defendant. *Norton v Shelby County,* 118 US 425, 442; 6 S Ct 1121; 30 L Ed 178 (1886). Defendant's argument, that the set-off provision in the insurance contract was the result of a bargain reached by contracting parties and thus is not affected by the validity or invalidity of § 3109(1), is egregious. The terms of the statute are mandatory. Without the 'sanction' of such a statute, the contract provision is patently offensive to public policy, and as such, the provision is invalid.

"The set-off provision in the contract is void." *O'Donnell v State Farm Insurance, supra* at 498–499.

See also *State ex rel Terbovich v Board of Commissioners of Wyandotte County,* 161 Kan 700; 171 P2d 777 (1946); *State ex rel Taylor v Carolina Racing Association Inc,* 241 NC 80; 84 SE2d 390 (1954).

We find defendant's claim of error without merit. The trial court is sustained.

Affirmed. Costs to be paid by defendant-appellant.