SMART v CITIZENS MUTUAL INSURANCE COMPANY

Docket No. 30568. Submitted November 1, 1977, at Lansing.—Decided
May 8, 1978.

Plaintiff Beverly J. Smart, for herself and as guardian of her
minor children, filed a claim with Citizens Mutual Insurance
Company for benefits as survivors under a policy of automobile
insurance after her husband was killed in an automobile acci-
dent. The policy provided for maximum survivors' loss benefits
of $1,000 per month. However, Citizens reduced this by the
amount which plaintiff received in Social Security benefits.
Plaintiff filed suit, alleging breach of the insurance contract.
The Livingston Circuit Court, Paul R. Mahinske, J., granted
summary judgment for the plaintiff as to one count of her
complaint, finding the clause in the insurance policy and the
legislation authorizing the clause to be unconstitutional. The
second count of plaintiff's complaint, alleging fraud, has not yet
been adjudicated. Defendant appeals from the summary judg-
ment. *Held:*

The section of the no-fault automobile insurance statute
which authorizes the deduction from personal injury protection
and survivors' loss benefits of the amount of any compensation
paid under state or Federal law is not unconstitutional. That
section operates to maintain a minimum level of compensation
set by the Legislature.

Reversed and remanded.

H. L. HEADING, J., dissented, adopting the majority opinion of
a previous panel of the Court of Appeals which held the
applicable section of the statute to be unreasonable and, there-
fore, unconstitutional.

OPINION OF THE COURT

1. INSURANCE—AUTOMOBILES—CONSTITUTIONAL LAW—STATUTES.
   A statute which provides for the subtraction of any amount of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, New Topic Service, No-Fault Insurance §§ 12, 13, 22.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

compensation received under state or Federal law from survivors' loss benefits under a policy of no-fault automobile insurance is not unconstitutional; the Legislature established a minimum level of disability benefits and the statute in question maintains that minimum level; a party wishing to enhance that benefit level may do so by entering into private contractual arrangements (MCL 500.3109[1]; MSA 24.13109[1]).

DISSENT BY H. L. HEADING, J.

2. INSURANCE—AUTOMOBILES—CONSTITUTIONAL LAW—STATUTES.
    *A section of the no-fault automobile insurance act which provides for a reduction in personal injury protection benefits equal to any amount of compensation received under state or Federal law is unreasonable and therefore unconstitutional (MCL 500.3109[1]; MSA 24.13109[1]).*

*McCririe & Latreille,* for plaintiff.

*Carl J. Schoemer,* for defendant.

Before: J. H. GILLIS, P. J., and BASHARA and H. L. HEADING,* JJ.

BASHARA, J. Plaintiff is the widow and guardian of the minor children of Richard W. Frasher, who was killed in an automobile accident on October 11, 1973. At the time of his death the decedent was covered by a no-fault automobile insurance policy issued by the defendant. Plaintiff and the children are dependents of decedent for purposes of survivors' loss benefits. Plaintiff-widow has since remarried. Plaintiff filed a timely claim for benefits. The insurance provided by the maximum survivors' loss benefits would not exceed the sum of $1,000 per 30-day period for a period of three years. This amount, however, was reduced by $650, the amount plaintiff received in Social Security benefits. This deduction was made pursuant to

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

MCL 500.3109; MSA 24.13109 which provides as follows:

"(1) Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

"(2) An injured person is a natural person suffering accidental bodily injury."

Plaintiff received only $350 per month. A complaint was filed in the circuit court alleging breach of the insurance contract by not paying the maximum benefits allowed in the contract.

Defendant raised MCL 500.3109(1); MSA 24.13109(1) as an affirmative defense, asserting that as a matter of law defendant was entitled to deduct from any benefits paid to plaintiff all benefits paid to the plaintiff pursuant to the laws of any state or Federal government agency.

Plaintiff then moved for summary judgment pursuant to GCR 1963, 117.2(2) and 117.2(3), alleging as one ground that MCL 500.3109(1); MSA 24.13109(1), which provides for the deduction of governmental benefits from the personal protection insurance benefits, is unconstitutional as applied to plaintiff.

Each party filed briefs in support of their respective positions and on April 6, 1976, the trial judge issued his opinion finding the clause in question as well as legislation authorizing such clause to be unconstitutional. An order for stay before taking an appeal was entered on July 15, 1976; claim of appeal was filed the same date. A formal order incorporating the lower court's opinion was entered by the court on September 13, 1976. This was dispositive of count I only of plaintiff's com-

plaint. Count II of plaintiff's complaint, which contains allegations of fraud, has not been decided and is being held in abeyance pending the outcome of the Court of Appeals' decision in this matter.

Defendant argues that the trial court erred reversibly in granting summary judgment for the plaintiff and holding MCL 500.3109(1); MSA 24.13109(1) of the no-fault act to be unconstitutional.

A panel of this Court has reached the same conclusion as the trial judge, *O'Donnell v State Farm Mutual Automobile Insurance Co,* 70 Mich App 487; 245 NW2d 801 (1976), *lv granted,* 397 Mich 848 (1976). However, we do not agree with the conclusion reached by the majority in *O'Donnell, supra.*

In mandatory terms, the Legislature, by its enactment of the no-fault automobile insurance provisions, established a minimum level of disability benefits for Michigan citizens who suffer adverse financial consequences from personal injury automobile accidents. The establishment of that minimum level is maintained by § 3109(1).

All benefits derived from governmentally promulgated programs are combined under that section to reach the predetermined minimum benefit level. Those who desire to enhance that benefit provision may do so by voluntarily entering into private contractual arrangements. The constitutional implications of this scheme were also analyzed in the dissenting opinion in *O'Donnell.* With that reasoning and result, we agree.

Reversed and remanded for proceedings consistent with this opinion.

J. H. GILLIS, P. J., concurred.

H. L. Heading, J. *(dissenting).* I respectfully dissent.

MCL 500.3109(1); MSA 24.13109(1) of the no-fault act has been declared unconstitutional by one panel of the Court of Appeals, *O'Donnell v State Farm Insurance Co,* 70 Mich App 487; 245 NW2d 801 (1976), *lv granted,* 397 Mich 848 (1976), and the case is presently pending before the Supreme Court. In *O'Donnell, supra,* two scholarly opinions were written. The majority opinion declared MCL 500.3109(1); MSA 24.13109(1) to be unconstitutional. After carefully considering both opinions, I adopt the majority opinion in that case.

I would affirm.