GREENE v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 77-3287. Submitted April 3, 1978, at Grand Rapids.—
Decided May 22, 1978. Leave to appeal applied for.

Lee H. Greene brought an action against State Farm Mutual
Automobile Insurance Company to recover benefits under his
no-fault automobile policy for injuries sustained in an automo-
bile accident. Partial summary judgment for plaintiff. Robert E.
A. Boyle, J., of St. Joseph Circuit Court, held that the defend-
ant cannot claim credit for social security payments received by
plaintiff against any sums due plaintiff as income loss. Defend-
ant appeals. *Held:*

That part of the no-fault automobile statute which authorizes
the setoff of benefits payable against benefits received from a
governmental source is constitutional and does not violate
public policy; an insurer is allowed to set off benefits payable
against benefits received from a governmental source.

Reversed and remanded.

D. C. RILEY, J., in a dissenting opinion would hold that the
no-fault automobile statute which authorizes the set off of
benefits payable against benefits received from a governmental
source is unconstitutional and violative of public policy.

OPINION OF THE COURT

1. CONSTITUTIONAL LAW—AUTOMOBILES—NO-FAULT INSURANCE—BEN-
EFITS—SET OFFS—PUBLIC POLICY—STATUTES.

A section of the no-fault automobile insurance statute which
allows an insurer to set off benefits payable against benefits
received from a governmental source is constitutional and not
violative of public policy (MCL 500.3109[1]; MSA 24.13109[1]).

DISSENT BY D. C. RILEY, J.

2. CONSTITUTIONAL LAW—AUTOMOBILES—NO-FAULT INSURANCE—BEN-
EFITS—SET OFFS—PUBLIC POLICY—STATUTES.

*A section of the no-fault automobile insurance statute which
authorizes an insurer to set off benefits payable against benefits*

*received from a governmental source is unconstitutional and violative of public policy (MCL 500.3109[1]; MSA 24.13109[1]).*

*Sloan, Zarbock & Risdon* (by *William L. Benefiel),* for plaintiff.

*James, Dark, Craig & Brill,* for defendant.

Before: R. B. BURNS, P. J., and J. H. GILLIS and D. C. RILEY, JJ.

J. H. GILLIS, J. Plaintiff was injured on May 16, 1975, in an automobile accident while covered by a no-fault automobile insurance policy issued by defendant. The trial court granted plaintiff's motion for partial summary judgment against defendant. GCR 1963, 117.2(2) and (3).

Defendant contends that MCL 500.3109(1); MSA 24.13109(1), which allows an insurer to set off benefits payable against benefits received from a governmental source, is constitutional and not violative of public policy. We agree.

In *Smart v Citizens Mutual Insurance Co,* 83 Mich App 30; 268 NW2d 273 (1978), the panel, which included this writer, concluded that:

"In mandatory terms, the Legislature, by its enactment of the no-fault automobile insurance provisions, established a minimum level of disability benefits for Michigan citizens who suffer adverse financial consequences from personal injury automobile accidents. The establishment of that minimum level is maintained by Section 3109(1).

"All benefits derived from governmentally promulgated programs are combined under that section to reach the predetermined minimum benefit level. Those who desire to enhance that benefit provision may do so by voluntarily entering into private contractual arrangements."

Accordingly, on the basis of *Smart, supra,* we find that the trial court erred in granting plaintiff's motion for summary judgment.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to appellant.

R. B. BURNS, P. J., concurred.

D. C. RILEY, J. *(dissenting).* I respectfully dissent.

Defendant's contention that MCL 500.3109(1); MSA 24.13109(1), which authorizes an insurer to set off benefits payable against benefits received from a governmental source, is constitutional and not violative of public policy, was answered contrary to its position in *Wysocki v Detroit Automobile Inter-Insurance Exchange,* 77 Mich App 565; 258 NW2d 561 (1977), *O'Donnell v State Farm Mutual Automobile Insurance Co,* 70 Mich App 487; 245 NW2d 801 (1976), *lv gtd,* 397 Mich 848 (1976), *Pollock v Frankenmuth Mutual Insurance Co,* 79 Mich App 218; 261 NW2d 554 (1977), and *Mielke v Michigan Millers Mutual Insurance Co,* 82 Mich App 721; 267 NW2d 165 (1978).

I concur in the holdings of these decisions.

I would affirm.