LeBLANC v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 78-261. Submitted October 3, 1978, at Escanaba.—Decided
December 6, 1978. Leave to appeal applied for.

Joseph LeBlanc was insured under a no-fault automobile insur-
ance policy issued by State Farm Mutual Automobile Insurance
Company. He made a claim under his no-fault policy for
personal injury benefits. He had also received Medicare pay-
ments for medical and hospital services. The no-fault policy
contained a provision for the subtraction of government bene-
fits which had been received. State Farm deducted the amount
paid by Medicare from the benefits it paid. Mr. LeBlanc
brought an action in Houghton Circuit Court to recover the
deducted Medicare payments. Summary judgment for plaintiff,
Stephen D. Condon, J. The court refused to award attorney fees
to plaintiff's counsel. Defendant appeals and plaintiff cross-
appeals. *Held:*

1. Under the no-fault automobile insurance statute an in-
surer is allowed to set off benefits payable against benefits
received from a governmental source.

2. The insurer neither unreasonably delayed nor unreason-
ably refused to pay plaintiff's claim; therefore, no attorney fees
may be charged under the no-fault act.

Affirmed in part, reversed in part.

D. E. HOLBROOK, J., dissented and would hold that the no-
fault automobile insurance statute which allows an insurer to
set off benefits against benefits received from an unrelated
purchased medicare insurance policy from the government is
unreasonable and unconstitutional.

OPINION OF THE COURT

1. CONSTITUTIONAL LAW—AUTOMOBILES—NO-FAULT INSURANCE—BEN-
EFITS—SET OFFS—STATUTES.

A section of the no-fault automobile insurance statute which

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] New Topic Service Am Jur 2d, No-Fault Insurance § 22.
[2] New Topic Service Am Jur 2d, No-Fault Insurance § 7.

allows an insurer to set off benefits payable against benefits received from a governmental source is constitutional (MCL 500.3109; MSA 24.13109).

2. Automobiles—No-Fault Insurance—Benefits—Delay in Payment—Refusal to Pay—Attorney Fees.

Attorney fees may be charged under the no-fault act against an insurer in an action by a claimant for personal or property protection benefits which are overdue only upon a finding that the insurer unreasonably delayed or refused payment.

Dissent by D. E. Holbrook, J.

3. Constitutional Law—Automobiles—No-Fault Insurance—Benefits—Set Offs.

A section of the no-fault automobile insurance act which allows an insurer to set off benefits received from an unrelated purchased medicare insurance policy from the government is unreasonable and unconstitutional (MCL 500.3109[1]; MSA 24.13109[1]).

*McLean & McCarthy,* for plaintiff.

*Weis & Cossi, P.C.,* for defendant.

Before: J. H. Gillis, P.J., and D. E. Holbrook and R. M. Maher, JJ.

Per Curiam. This is an automobile no-fault insurance case wherein plaintiff sustained personal injuries and received Medicare payments with respect to medical and hospital services rendered therefor.

Plaintiff was insured under a no-fault automobile insurance policy issued by the defendant and he made a claim for personal protection benefits under that policy. The policy contained a provision for subtraction of government benefits, as mandated by MCL 500.3109; MSA 24.13109. Defendant therefore deducted the amount paid by Medicare from the benefits paid to the plaintiff.

Plaintiff brought this action on April 15, 1977, to

recover the deducted Medicare amounts and was granted a summary judgment by the trial court on the authority of *O'Donnell v State Farm Mutual Automobile Insurance Co,* 70 Mich App 487; 245 NW2d 801 (1976).

The trial court denied an award of attorney fees for plaintiff's counsel, finding no unreasonable refusal to pay benefits on behalf of the defendant. From that judgment defendant filed an appeal pursuant to GCR 1963, 806.1 and plaintiff has filed a cross-appeal pursuant to GCR 1963, 807.1.

We are aware of the split of authority in this Court with respect to the constitutionality of the government benefits deduction provision of the no-fault automobile insurance act. *O'Donnell, supra, Wysocki v Detroit Automobile Inter-Insurance Exchange,* 77 Mich App 565; 258 NW2d 561 (1977), and *Pollock v Frankenmuth Mutual Insurance Co,* 79 Mich App 218; 261 NW2d 554 (1977), have declared this provision of the act to be in violation of the constitutional standards of equal protection and due process.

On the other hand, the constitutionality of the provision has been upheld in *Smart v Citizens Mutual Insurance Co,* 83 Mich App 30; 268 NW2d 273 (1978), and *Greene v State Farm Mutual Automobile Insurance Co,* 83 Mich App 505; 268 NW2d 703 (1978).

We find the latter cases more convincing and quote with approval from Judge BASHARA's dissent in *O'Donnell, supra,* at 506–507:

"Under the statutory scheme everyone participating in no-fault is entitled to certain minimum benefits. The fact that some individuals are unable to purchase private insurance is of no moment. As long as everyone has an opportunity to enjoy a minimum statutory benefit, there is no absolute deprivation. Any discrimina-

tion that might exist is insufficient to justify invoking the Equal Protection Clause."

As to the trial court's refusal to award an attorney fee, we affirm. See *Davidson v Johnson (On Rehearing),* 79 Mich App 660, 666–667; 262 NW2d 887 (1977).

Reversed in part; affirmed in part. No costs, a public question being involved.

D. E. HOLBROOK, J. *(dissenting).* This writer must respectfully dissent from the decision reached by the majority with respect to the constitutionality of MCL 500.3109; MSA 24.13109. As noted by the majority, a significant split of opinion has arisen in our Court on this issue.

The constitutionality of MCL 500.3109 was first raised in *O'Donnell v State Farm Mutual Automobile Insurance Co,* 70 Mich App 487; 245 NW2d 801 (1976), *lv gtd* 397 Mich 848 (1976). In reaching the conclusion that MCL 500.3109(1); MSA 24.13109(1), is unconstitutional, the majority in *O'Donnell* noted at 495, 496–497 that:

"[T]he effect of § 3109(1) is to allow both no-fault benefits and private insurance benefits to those who have such private insurance, yet it reduces no-fault benefits by any benefits received under a governmental program. Thus, those who have no private insurance or who cannot afford such insurance receive fewer benefits because of that fact. We find this section to be patently unreasonable and discriminatory.

\* \* \*

"The provision requires the reduction of recovery by benefits which are in a very real sense 'paid for' by the 'insured', such as under social security, or benefits which are in the nature of employee benefits to government employees and veterans. In this case the beneficiary's no-fault benefits are reduced by governmental

insurance the insured has paid for but not by private insurance for which he has paid." (Footnote omitted.)

The next panel to have considered this issue was the panel which decided *Wysocki v Detroit Automobile Inter-Insurance Exchange,* 77 Mich App 565; 258 NW2d 561 (1977), and which also concluded that the statute in question was unconstitutional. In *Wysocki* a unanimous Court affirmed the *O'Donnell* determination that no reasonable basis existed for the like treatment of both "earned" and "unearned" governmental benefits or for the dissimilar treatment of private insurance benefits and governmental benefits. This Court unanimously arrived at the same result in *Pollock v Frankenmuth Mutual Insurance Co,* 79 Mich App 218; 261 NW2d 554 (1977), *lv to appeal pending,* although the Court adopted a different approach from that utilized previously.

In *Pollock* at 224 the Court noted that the purpose of this provision was to reduce insurance premiums by eliminating one source of duplicative recovery. The Court held this to be a legitimate legislative objective, however, it held that the net effect of the statute in this regard was to require:

> "[T]he class of insureds entitled to workers' compensation as well as no-fault recovery is forced to subsidize premium savings by the greater class of all insureds. To put the matter another way, worker motorists are forced to purchase insurance on which the law denies them a right of recovery, so that other insureds may enjoy lower premiums for insurance on which they can recover."

The next panel of this Court to consider the issue of the constitutionality of MCL 500.3109(1), relied upon *Pollock* in a unanimous per curiam

opinion holding the pertinent section of the no-fault act to be unconstitutional. *Mielke v Michigan Millers Mutual Insurance Co*, 82 Mich App 721; 267 NW2d 165 (1978), *lv to appeal pending*. MCL 500.3109(1) was first upheld by a panel of this Court in *Smart v Citizens Mutual Insurance Co*, 83 Mich App 30, 33; 268 NW2d 273 (1978). In that case the majority concluded as follows:

"In mandatory terms, the Legislature, by its enactment of the no-fault automobile insurance provisions, established a minimum level of disability benefits for Michigan citizens who suffer adverse financial consequences from personal injury automobile accidents. The establishment of that minimum level is maintained by § 3109(1).

"All benefits derived from governmentally promulgated programs are combined under that section to reach the predetermined minimum benefit level. Those who desire to enhance that benefit provision may do so by voluntarily entering into private contractual arrangements. The constitutional implications of this scheme were also analyzed in the dissenting opinion in *O'Donnell*. With that reasoning and result, we agree."

A majority of the Court in *Greene v State Farm Mutual Automobile Insurance Co*, 83 Mich App 505; 268 NW2d 703 (1978), *lv to appeal pending* concurred in the *Smart* opinion's reasoning.

This writer finds the approach taken by the *Smart* opinion in considering § 3109(1) to be untenable. It sanctions a procedure whereby many persons will receive reduced benefits under legislatively mandated insurance contracts, because of their receipt of unrelated governmental benefits which were also purchased.[1] As the statute reads, this writer respectfully dissents from the majority's decision in this case and agrees with the result reached in *Pollock* and *Mielke*.

This writer votes for affirmance.

---

[1] In this case, the plaintiff purchased Medicare insurance.