## MILLER v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Docket No. 78-512. Submitted November 3, 1978, at Grand Rapids.—
Decided January 17, 1979. Amendatory order entered April 25,
1979. Leave to appeal applied for.

Carl Saltzman was killed in an automobile accident. His widow,
now Linda Miller through remarriage, and her two minor
children, Dennis and Karla Saltzman, were injured in the
accident. Decedent had no-fault automobile insurance coverage
through State Farm Mutual Automobile Insurance Company.
At the time of Carl Saltzman's death his gross earnings were
$806 per month. The State Farm adjuster in calculating the
family's survivors' economic loss benefits reduced decedent's
gross annual wages by a deduction of Federal income taxes,
Michigan income taxes, social security payments and a per-
sonal consumption factor of 22 percent which reflected the
company's estimate of household expenses saved due to the
husband's death. State Farm refused to make any payments to
the survivors claiming that the $614 per month the family
received in social security benefits exceeded the decedent's net
income after taxes and personal consumption deductions. Linda
Miller, individually and on behalf of her children, brought an
action in St. Joseph Circuit Court, claiming benefits as survi-
vors under the no-fault act based upon the amount of dece-
dent's gross wages. Judgment for plaintiffs in the amount of
$806 per month, the amount of decedent's gross pay, Robert
E. A. Boyle, J. No taxes were subtracted nor was the decedent's
personal consumption factor taken into account. Defendant
appeals, alleging (1) that the subtraction of benefits section of
the automobile no-fault insurance act is constitutional, (2) the
statute allows a reduction of benefits by an amount represent-
ing the sum of the taxes paid by decedent, and (3) the statute
allows a reduction of that amount of wages which would have
been consumed by the decedent personally. *Held:*

1. The section of the no-fault automobile statute which allows

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] New Topic Service Am Jur 2d, No-Fault Insurance § 1.
[2] 73 Am Jur 2d, Statutes § 332.
[3-5] New Topic Service Am Jur 2d, No-Fault Insurance § 6.

an insurer to set off benefits payable against benefits received from a governmental source is unconstitutional.

2. Survivors loss benefits received under the no-fault automobile insurance statute may not be reduced by the amount the decedent would have paid in taxes.

3. The trial court erred in failing to reduce the plaintiffs' benefits by the amount of expenses avoided by reason of the decedent's death. Such deductions are allowed under the no-fault act. Where plaintiffs stipulate to a 22 percent reduction figure only for the purposes of their motion for partial summary judgment, remand to the trial court is necessary for a determination of the proper amount, if any, to be deducted from the benefits to be received by the plaintiffs.

Affirmed, but remanded with instructions.

G. R. Cook, J., concurred with the decision that benefits received by plaintiffs pursuant to the no-fault automobile statute should not be reduced by the amount the decedent would have paid in taxes and that plaintiffs' benefits should be reduced by the amount of expenses avoided by reason of the decedent's death. He would hold, however, that the section of the no-fault automobile insurance statute which allows an insurer to set off benefits payable against benefits received from a governmental source is constitutional.

Oᴘɪɴɪᴏɴ ᴏꜰ ᴛʜᴇ Cᴏᴜʀᴛ

1. Cᴏɴꜱᴛɪᴛᴜᴛɪᴏɴᴀʟ Lᴀᴡ — Aᴜᴛᴏᴍᴏʙɪʟᴇꜱ — Nᴏ-Fᴀᴜʟᴛ Iɴꜱᴜʀᴀɴᴄᴇ — Bᴇɴᴇꜰɪᴛꜱ — Sᴇᴛ Oꜰꜰꜱ — Sᴛᴀᴛᴜᴛᴇꜱ.

A section of the no-fault automobile insurance statute which provides that "benefits provided or required to be provided under the laws of any state or the Federal government shall be subtracted from the personal protection insurance otherwise payable for the injury" is unconstitutional (MCL 500.3109[1]; MSA 24.13109[1]).

2. Sᴛᴀᴛᴜᴛᴇꜱ — Sᴛᴀᴛᴜᴛᴏʀʏ Cᴏɴꜱᴛʀᴜᴄᴛɪᴏɴ — Lᴇɢɪꜱʟᴀᴛɪᴠᴇ Iɴᴛᴇɴᴛ — Sᴇᴄᴛɪᴏɴꜱ ᴏꜰ Sᴀᴍᴇ Sᴛᴀᴛᴜᴛᴇꜱ.

Courts should not "read in" to one section of a statute that which the Legislature expressly provided in another section of the same statute.

3. Aᴜᴛᴏᴍᴏʙɪʟᴇꜱ — Nᴏ-Fᴀᴜʟᴛ Iɴꜱᴜʀᴀɴᴄᴇ — Sᴜʀᴠɪᴠᴏʀ'ꜱ Lᴏꜱꜱ — Tᴀxᴇꜱ — Sᴛᴀᴛᴜᴛᴇꜱ.

Benefits received under the survivor's loss section of the no-fault automobile insurance statute may not be reduced by the amount decedent would have paid in Federal income taxes,

Michigan income taxes and social security payments (MCL 500.3108; MSA 24.13108).

4. AUTOMOBILES — NO-FAULT INSURANCE — SURVIVOR'S LOSS — BENEFITS — EXPENSES — TAXES — STATUTES.

A survivor's no-fault automobile insurance benefits may be reduced by the amount of expenses avoided by reason of the decedent's death (MCL 500.3108; MSA 24.13108).

CONCURRENCE IN PART, DISSENT IN PART BY G. R. COOK, J.

5. AUTOMOBILES — NO-FAULT INSURANCE — SURVIVOR'S LOSS — BENEFITS — REDUCTION OF BENEFITS — TAXES — EXPENSES — STATUTES.

Benefits received pursuant to the survivor's loss section of the no-fault automobile insurance statute should not be reduced by the amount the decedent would have paid in taxes; survivor's benefits, however, should be reduced by the amount of expenses avoided by reason of the decedent's death (MCL 500.3108; MSA 24.13108).

6. CONSTITUTIONAL LAW — AUTOMOBILES — NO-FAULT INSURANCE — BENEFITS — SET OFFS — PUBLIC POLICY — STATUTES.

*A section of the no-fault automobile insurance statute which allows an insurer to set off benefits payable against benefits received from a governmental source is constitutional and not violative of public policy (MCL 500.3109[1]; MSA 24.13109[1]).*

*Sloan, Zarbock, Risdon, Benefiel & Farrer,* for plaintiffs.

*James, Dark & Brill,* for defendant.

Before: BEASLEY, P.J., and D. E. HOLBROOK and G. R. COOK,* JJ.

D. E. HOLBROOK, J. Here again we are presented with a dispute over the amount of benefits due the dependents of a decedent covered under the no-fault automobile insurance act. The fact of coverage is not at issue, merely the amount of liability.

The plaintiff and her minor children were in-

* Circuit judge, sitting on the Court of Appeals by assignment.

jured January 10, 1976, in an automobile accident in which their husband and father was killed. Prior to his death, the family lived soley upon the decedent's earnings of approximately $190 per week. On April 21, 1976, plaintiffs met with the defendant-appellant's adjustor to calculate the family's survivors' economic loss benefits. The adjustor first reduced the decedent's gross annual wage by a "personal consumption factor" of 22 percent which reflected State Farm's estimate of the household expenses saved due to the decedent's death. The adjustor stated further that because the $614 per month which the plaintiff and her children received from social security exceeded the decedent's "net income" as thusly calculated, State Farm refused to make any payments to the decedent's survivors.

Plaintiff then brought this action on behalf of her children and herself, claiming benefits in the amount of the decedent's gross wages as survivors under the no-fault act. She immediately entered a motion for partial summary judgment, claiming that amount of the deceased's wages in excess of defendant's estimated "personal consumption factor". A hearing on this motion was held June 28, 1977, at which time the circuit judge announced that under the holding in *O'Donnell v State Farm Mutual Automobile Ins Co,* 70 Mich App 487; 245 NW2d 801 (1976), *lv gtd* 397 Mich 848 (1976), the defendant was not entitled to credit for the amount of social security payments received by the survivors.

On July 14, 1977, the court entered judgment in this matter, awarding the plaintiffs $806 per month, the decedent's gross pay, together with interest and attorney's fees. No taxes were subtracted, nor was the defendant's "personal con-

sumption factor" taken into account. The defend-
ant appeals of right, alleging two major errors in
the trial court's decision. First, the defendant al-
leges that the trial court erred in following the
*O'Donnell* holding that MCL 500.3109(1); MSA
24.13109(1) is unconstitutional; the defendant as-
serts that this section of the no-fault act properly
authorizes it to reduce the plaintiffs' survivors'
benefits by the amount of social security benefits
received. Next, the defendant claims that
§ 500.3108 of the same act allows it to reduce the
benefits paid to plaintiffs by an amount represent-
ing the sum of taxes paid by the decedent plus
that amount of the decedent's wages which would
have been consumed by him personally.

We may deal with the defendant's first conten-
tion summarily. Section 3109(1) provides that:
"Benefits provided or required to be provided un-
der the laws of any state or the federal govern-
ment shall be subtracted from the personal protec-
tion insurance benefits otherwise payable for the
injury." This section of the no-fault act has been
considered by several panels of the Court of Ap-
peals. The majority of these decisions have held
the section to be unconstitutional. Other panels of
this Court have upheld § 3109(1), however, finding
that it is reasonably related to the no-fault act's
expressed purpose of reducing the cost of insur-
ance. For the reasons expressed by this writer in
dissent in *LeBlanc v State Farm Mutual Automo-
bile Ins Co,* 87 Mich App 555; 274 NW2d 69 (1978),
we affirm the circuit court's holding that § 3109(1),
as applied in this case, is unconstitutional.

Determining whether the lower court erred in
not allowing State Farm to reduce the plaintiffs'
benefits in accordance with the defendant's inter-
pretation of § 3108 is a more difficult question.
Section 3108 reads as follows:

"Personal protection insurance benefits are payable for a survivors' loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of his death would have received for support during their dependency from the deceased if he had not suffered the accidental bodily injury causing death and expenses, not exceeding $20.00 per day, reasonably incurred by these dependents during their dependency and after the date on which the deceased died in obtaining ordinary and necessary services in lieu of those that the deceased would have performed for their benefit if he had not suffered the injury causing death. The benefits payable for survivors' loss in connection with the death of a person in a single 30-day period shall not exceed $1,000.00 and is not payable beyond the first 3 years after the date of the accident."

The defendant contends that since the above statute directs that "a survivors' loss * * * consists of * * * contributions * * * that dependents of the deceased * * * *would have received for support"* (emphasis supplied), it is properly read to require that the plaintiffs be awarded only the amount of the decedent's gross wage which would have been available to support the plaintiffs prior to the decedent's death. While a literal reading of the statute provides some support for the defendant's construction of § 3108, a brief analysis of 1972 PA 294, of which § 3108 was a part, indicates the fallacy in defendant's argument with respect to the deduction of taxes. Section 3107(b) of the no-fault act, also a part of 1972 PA 294, explicitly provides that 15 percent may be deducted from personal protection insurance benefits in certain situations where such benefits "are not taxable income". Given the fact that both sections were contained in the same piece of legislation, it is reasonable to assume that had the Legislature

intended, in § 3108, to limit benefits to after-tax income, it would have adopted language similar to that used in § 3107. Another panel of this Court reached the same conclusion in *Goldsworthy v Royal Globe Ins Co,* (Docket No. 77-3556, decided August 10, 1978 [unreported]), and traditional notions of statutory construction suggest that the courts not "read in" to one section of a statute that which the Legislature expressly provided in another section of the same statute. See 2A Sutherland, Statutory Construction (4th ed), § 46.05, p 56. We hold, then, that the Legislature did not intend that benefits received under § 3108 be reduced by the amount the decedent would have paid in taxes.

The legislative history of § 3108 does indicate, however, that its drafters contemplated the reduction of benefits by an amount equal to those sums which would have been diverted to the decedent's personal consumption. An earlier draft of this section defined economic loss as the decedent's contributions, "less expense of the survivors avoided by reason of decedent's death". 5 Michigan House Journal, p 4118 (1972). This clause was eventually deleted and the language upon which the defendant bases its argument was apparently substituted for it.

The contention that § 3108, as finally adopted, contemplated the reduction of benefits by the amount of expenses saved by reason of the decedent's death is buttressed by yet another comparison with § 3107. Section 3107(b) provides that an injured person is entitled to personal protection insurance benefits for "loss of income". That the drafters did not employ similar language in § 3108 reinforces the argument that "contributions * * * that dependents of the deceased * * * would have

received for support" may have intended to denote an amount less than the decedent's entire gross income.

We hold that the trial court's only error was in failing to reduce the plaintiffs' benefits by the amount of expenses avoided by reason of the decedent's death. We note that the plaintiffs stipulated to the 22 percent figure proposed by the defendant only for the purpose of their motion for partial summary judgment. We therefore remand this matter to the circuit court for determination of the proper amount, if any, to be deducted from the benefits to be received by the plaintiffs.[1] We take this opportunity to remind the lower court that the plaintiffs will receive survivors' benefits for no longer than three years, and to suggest that the parties consider the potential applicability of the "possible expense" portion of § 3108 to the instant circumstances.

Affirmed, except as to that part remanded in accordance with this opinion.[*] No costs, a public question being involved.

BEASLEY, P.J., concurred.

G. R. COOK, J. *(concurring in part; dissenting in part).* I agree that benefits received by plaintiffs pursuant to MCL 500.3108; MSA 24.13108 are not to be reduced by the amount the decedent would have paid in taxes. I further agree that plaintiffs' benefits under § 3108 should be reduced by the amount of expenses avoided by reason of the decedent's death.

However, I respectfully dissent from the majority holding that MCL 500.3109(1); MSA 24.13109(1)

---

[1] *Goldsworthy v Royal Globe Ins Co, supra.*

[*] See amendatory order following opinion of G. R. Cook, J.—RE-PORTER.

is unconstitutional. I express my agreement with those panels of this Court which have upheld the validity of § 3109(1). *Greene v State Farm Mutual Automobile Ins Co,* 83 Mich App 505; 268 NW2d 703 (1978), *Smart v Citizens Mutual Ins Co,* 83 Mich App 30; 268 NW2d 273 (1978).

## AMENDATORY ORDER

On April 25, 1979, the following amendatory order was entered by the Court:

"In this cause, a motion for leave to file delayed application for hearing and delayed application for rehearing have been filed by plaintiffs-appellees, and no answer in opposition thereto having been filed, and due consideration thereof having been had by the Court,

"It is ordered that the motion for leave to file delayed application for rehearing be, and the same hereby is granted.

"It is further ordered that the delayed application for rehearing be, and the same hereby is denied.

"It is further ordered, on the Court's own motion, that the Court's opinion in the within case, released January 17, 1979, to the extent that our holding held MCL 500.3109(1); MSA 24.13109(1) unconstitutional and disallowed the reduction of plaintiffs' survivors' benefits by the amount of social security benefits received, be and the same hereby is reversed on the basis of *O'Donnell v State Farm Insurance,* 404 Mich 524; 273 NW2d 829 (1979).

s/ WILLIAM R. BEASLEY
Presiding Judge"