NEUMANN v TRANSIT CASUALTY COMPANY

Docket No. 78-4196. Submitted June 18, 1979, at Detroit.—Decided April 1, 1980.

Shirley Neumann was injured on a bus insured by defendant Transit Casualty Company. Plaintiff sought medical benefits from defendant Transit under the no-fault insurance policy issued by Transit. Defendant Transit, through its Michigan agent, defendant Michigan Claims Service, Inc., denied payment of medical benefits on the basis of the provision of the no-fault insurance act which provides that no-fault benefits shall be reduced by any benefits required to be provided under the laws of any state or the Federal government. Defendants took the position that the supplemental medical insurance benefits payable under the Federal Social Security Act which were received by plaintiff fell within the reduction of benefits provision of the no-fault insurance act. Plaintiff brought an action for declaratory judgment. The Oakland Circuit Court, Robert L. Templin, J., entered a judgment requiring defendant Transit Casualty Company to pay the medical benefits under its no-fault insurance policy without a reduction for the supplemental medical insurance benefits received by plaintiff and dismissed plaintiff's cause of action against defendant Michigan Claims Service, Inc. Defendant Transit Casualty Company appeals. *Held:*

1. Supplemental medical insurance benefits under the Federal Social Security Act, being benefits provided under Federal law, are benefits within the scope of the language of the reduction of benefits provision of the Michigan no-fault insurance act. The inclusion of those benefits within that provision is violative of the constitutional right to equal protection of the laws to the extent that such benefits result from the private payment of a premium by a subscriber to the program. To hold otherwise would place an additional burden upon a person

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d (Rev), Automobile Insurance § 368.
 Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.
[2] 7 Am Jur 2d (Rev), Automobile Insurance §§ 25, 27.

purchasing coverage from the governmentally created system relative to those persons purchasing coverage from a private insurer under circumstances in which such a distinction cannot be shown to be rationally related to a legitimate governmental interest. Since under Federal law the premiums of those enrolled in the supplemental medical insurance benefits program are calculated to pay for one half of the costs of the program, one half of the benefits received under that program are constitutionally exempt from the operation of the benefit reduction provision of the no-fault act, while the other one half of the benefits are subject to the operation of that provision of the no-fault act.

Affirmed in part, reversed in part and remanded.

1. INSURANCE — NO-FAULT INSURANCE — REDUCTION OF BENEFITS — SOCIAL SECURITY — SUPPLEMENTAL MEDICAL INSURANCE — STATUTES.

Supplemental medical insurance benefits under the Federal Social Security Act, being benefits provided under Federal law, are benefits, with certain limitations, within the scope of the reduction of benefits provision of the Michigan no-fault insurance act, notwithstanding the fact that the right to the Federal benefits is not dependent upon the need for such benefits arising out of an automobile related injury (42 USC 1395 *et seq.*, MCL 500.3109[1]; MSA 24.13109[1]).

2. CONSTITUTIONAL LAW — NO-FAULT INSURANCE — REDUCTION OF BENEFITS — SOCIAL SECURITY — SUPPLEMENTAL MEDICAL INSURANCE — EQUAL PROTECTION — STATUTES.

The reduction of benefits provision of the Michigan no-fault insurance act violates the constitutional right to equal protection of the law when applied to benefits payable under the supplemental medical insurance benefits provisions of the Federal Social Security Act to the extent that such Federal benefits arise out of the private payment of a premium; distinguishing between persons paying premiums for coverage under a federally sponsored medical insurance program and persons paying for premiums for coverage under private medical insurance policies is not rationally related to a legitimate governmental interest and thus violates the constitutional right to equal protection of the law (42 USC 1395j *et seq.*, MCL 500.3109[1]; MSA 24.13109[1]).

*Bushnell, Gage, Reizen & Byington* (by *David D. Kohl*), for plaintiff.

*David C. Hertler,* for defendants.

Before: BASHARA, P.J., and V. J. BRENNAN and J. C. DANER,* JJ.

J. C. DANER, J. The defendant Transit Casualty Company appeals from a declaratory judgment which ordered the defendant casualty company to make payment of no-fault insurance benefits without a deduction for the supplementary medical insurance benefits which were payable to plaintiff pursuant to 42 USC 1395j *et seq.* At issue is the scope of the Michigan Supreme Court's holding in *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979).

The defendant casualty company, citing *O'Donnell,* claims that the mandatory deduction of government benefits from no-fault insurance benefits, which is required by § 3109(1) of the Michigan no-fault insurance act,[1] does not violate the constitutional guarantees of due process or equal protection. The plaintiff contends that, because the government benefit at issue in this case results from her voluntary payment of premiums, the Court's holding in *O'Donnell* does not apply. We hold that, to the extent that a government benefit accrues from the voluntary payment of premiums, the mandatory setoff of no-fault insurance benefits based on such a government benefit violates the constitutional guarantee of equal protection.

Section 3109 of the Michigan no-fault insurance act provides that:

"Benefits provided or required to be provided under

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCL 500.3109(1); MSA 24.13109(1).

the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

In *O'Donnell, supra,* 544, the Court found that:

"The history of § 3109(1) indicates that the Legislature's intent was to require a set-off of those government benefits that duplicated the no-fault benefits payable because of the accident and thereby reduce or contain the cost of basic insurance."

We shall first discuss whether or not the government benefit at issue is subject to the setoff provisions of § 3109 and then discuss whether or not the provision violates the constitutional guarantees of due process or equal protection.

Concerning whether or not the supplementary medical insurance benefits at issue fall within the language of the setoff provision, the plaintiff argues that, because the right to the government benefit is not dependent upon an automobile accident, the setoff provision does not apply. This argument is without merit. The fact that the conditions precedent to the government benefit in this case and the no-fault insurance benefit are not identical does not preclude a finding that both benefits compensate the recipient for injuries arising out of an automobile accident. It is uncontested that the plaintiff's supplementary medical insurance benefit is paying for injuries arising out of the same motor vehicle accident for which the no-fault insurance benefits are claimed. The government benefit in this case is one which duplicates the no-fault benefits payable because of the accident. The benefits provided by the supplementary medical insurance are provided by operation of Federal law[2] and are, therefore, within the

---

[2] 42 USC 1395j-1395w.

language of the statutory setoff.

Concerning whether or not the setoff provision provided by § 3109 of the no-fault insurance act violates the guarantee of either due process or equal protection, the defendant contends that, in accordance with *O'Donnell,* § 3109 was held not to violate those guarantees when it was applied to social security benefits. It is argued that, because the supplementary medical insurance benefit is one of the many benefits provided by the Social Security Act,[3] the no-fault insurance benefits may be set off with respect to the government benefit at issue in this case.

In *O'Donnell,* the Michigan Supreme Court held that Federal social security survivors' benefits required a setoff of no-fault insurance benefits by operation of § 3109, and that, because the distinction between governmental and private benefits was neither arbitrary nor irrational, the setoff did not violate the constitutional guarantees of due process or equal protection. The Court then stated:

"This opinion is confined to the facts before the Court and does not purport to encompass other possible government benefits." *O'Donnell, supra,* 538.

The standards of review concerning claimed violation of due process and equal protection are adequately outlined in *O'Donnell, supra,* 540-543, and do not warrant repetition.

The only fact distinguishing *O'Donnell* from the present case is that in *O'Donnell* the governmental benefit was provided *ex gratia,* whereas, in the present case, the benefit at issue required the payment of insurance premiums by the plaintiff.

In *O'Donnell, supra* 547-550, the Supreme

---

[3] 42 USC Chapter 7.

Court stated that it found a rational basis to support the distinction between private and governmental benefits in the legislative desire to minimize the cost of no-fault insurance by providing a setoff for overlapping governmental benefits while allowing those who desired additional benefits to purchase such additional benefits. The rationale basis upon which the setoff provision rests supports a distinction between private benefits and *ex gratia* governmental benefits. The basis upon which the Supreme Court rested its holding in *O'Donnell,* however, does not justify a distinction between public benefits and purchased governmental benefits. The Supreme Court's majority opinion, when read as a whole, supports this conclusion.

The majority opinion stated that the distinction between governmental benefits and private benefits was that those receiving benefits from private insurance companies pay directly for those benefits whereas those who receive governmental benefits do not. See *O'Donnell, supra,* 548. It is clear, therefore, that when the Court discussed the distinction between governmental benefits and private benefits in *O'Donnell,* it did not consider governmental benefits for which the recipient had paid premiums.

We are aware that, in *LeBlanc v State Farm Mutual Automobile Ins Co,* 87 Mich App 555; 274 NW2d 69 (1978), this Court, over the dissent of Judge D. E. HOLBROOK, did not find the failure to distinguish between purchased governmental benefits and *ex gratia* governmental benefits to be significant. In *LeBlanc,* this Court required the application of the setoff provision to Medicare payments for which the plaintiff had paid a fee. *LeBlanc,* however, was decided prior to the Su-

preme Court's decision in *O'Donnell.* Considering that the Supreme Court's more recent opinion stressed that *payment* for private duplicative benefits was that which distinguished them from governmental benefits, we now find that the distinction between purchased governmental benefits and *ex gratia* governmental benefits is significant.

The traditional equal protection analysis seeks to determine whether or not a legislative classification is rationally related to a legitimate governmental interest. *Shavers v Attorney General,* 402 Mich 554, 614, fn 38; 267 NW2d 72 (1978). Because the state cannot arguably have an interest in promoting private insurance companies at the expense of identical Federal risk-spreading systems, any distinction between a premium-funded governmental benefit and a private benefit violates the guarantee of equal protection.[4]

Although the language of § 3109 does not distinguish between governmental benefits which are funded by the recipients and governmental benefits which are funded by the public as a whole, the presumption that the Legislature intended a constitutional result[5] and the history of § 3109 as outlined in *O'Donnell, supra,* 544-550, lead us to conclude that the Legislature intended the setoff to apply only to the extent that the recipient did not pay for the governmental benefit.

---

[4] A distinction between a premium-funded governmental insurance system and private insurance systems would appear to violate not only the equal protection clause but also the supremacy clause of the US Constitution by discouraging participation in the Federal program. The remedy afforded herein cures this particular defect. We decline to address the issue of whether or not the setoff provision of § 3109 violates the supremacy clause by defeating the purpose of the Federal legislation because that issue has not been raised on appeal.

[5] See *People v Bandy,* 35 Mich App 53, 57; 192 NW2d 115 (1971), and *Osborn v Charlevoix Circuit Judge,* 114 Mich 655, 660; 72 NW 982 (1897), holding that the presumption of constitutionality justifies a construction contrary to the natural interpretation of the statutory language if necessary to sustain the law.

In the present case, the supplementary governmental insurance benefit program is funded by both premium payments by the enrollees and funds appropriated by the Federal government. 42 USC 1395j. The amount of the premiums paid by the enrollees is calculated to pay for one half of the costs of the program. 42 USC 1395r(b)(2). The setoff required by § 3109, therefore, applies only to one half of the governmental benefits received by the plaintiff. Accordingly, the judgment of the circuit court is affirmed in part and reversed in part and this case is remanded for proceedings not inconsistent with this opinion.