SMITH v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 57502. Submitted January 5, 1983, at Detroit.—Decided
April 5, 1983.

Plaintiff John W. Smith was injured in a work-related automobile
accident on November 15, 1973. Mr. Smith's family was insured
at that time by defendant, Detroit Automobile Inter-Insurance
Exchange (DAIIE), under a no-fault policy providing for wage
loss benefits. Mr. Smith missed no time from work following
the accident until he left his employment on November 23,
1975. DAIIE paid Mr. Smith wage loss benefits at a monthly
rate of $1,000 until November 14, 1976. On November 15, 1976,
Mr. Smith filed a petition for workers' compensation benefits
listing dates of October 14, 1973, and subsequent for a work-
related automobile accident in which he incurred injuries. His
claim for benefits was redeemed on May 8, 1978, in the amount
of $12,500. The redemption order listed as dates of injury:
October 14, 1973, November 15, 1973, and November 23, 1975.
Plaintiffs, Mr. Smith and his wife Connie Smith, commenced
this action in the Wayne Circuit Court against defendant
alleging failure to pay the full benefits due under the policy.
Plaintiffs first informed DAIIE of the workers' compensation
petition and redemption in their August 18, 1978, response to
defendant's interrogatories. On April 18, 1980, defendant filed a
counterclaim, demanding reimbursement of no-fault benefits in
the amount of the workers' compensation redemption received
by Mr. Smith. Upon their request, plaintiffs' complaint was
dismissed on July 23, 1980. Plaintiffs also sought dismissal of
the counterclaim. The trial court, Irwin H. Burdick, J., entered
an order denying plaintiffs' motion for accelerated or summary
judgment on the counterclaim and refused to dismiss the
counterclaim. Plaintiffs appeal from that order. The certified
question of law on appeal concerns the application of a Su-
preme Court decision interpreting § 3109 of the no-fault act.
*Held:*

1. The trial court's denial of plaintiffs' motion for judgment

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 226.
[2] 7 Am Jur 2d, Automobile Insurance § 368.

on defendant's counterclaim did not constitute an impermissible retroactive application of a new rule of substantive law. A Supreme Court decision upon which the plaintiffs rely did not announce a new rule of law but rather held that the rule of law established in 1973 was not unconstitutional and that the statute involved had been constitutional since its adoption. The Supreme Court did not provide for the limited applicability of its holding.

2. The authority to dictate the limited application of a Supreme Court declaration of a statute's constitutionality lies exclusively with the Supreme Court, not the Court of Appeals.

3. At the time no-fault benefits were paid, defendant was entitled to subtract duplicative workers' compensation benefits provided or required to be provided from the personal protection insurance benefits otherwise payable for the November 15, 1973, injury.

4. The Court of Appeals did not decide whether duplicative benefits were provided or required to be provided or what, if any, subtraction was statutorily authorized.

Affirmed and remanded for further proceedings.

1. COURTS — SUPREME COURT — LIMITED DECISIONS — STATUTES —
   CONSTITUTIONAL LAW.
   The Supreme Court is empowered to limit the applicability of its decisions; the authority to dictate the limited application of a Supreme Court declaration of a statute's constitutionality lies exclusively with the Supreme Court, not with the Court of Appeals.

2. INSURANCE — WORKERS' COMPENSATION — NO-FAULT INSURANCE —
   DUPLICATIVE BENEFITS — SUBTRACTION FROM BENEFITS.
   The no-fault insurance statute provision regarding subtraction of other benefits from the personal protection insurance benefits otherwise payable for an injury entitles an insurer to subtract duplicative workers' compensation benefits provided or required to be provided from the personal protection insurance benefits otherwise payable to the insured (MCL 500.3109[1]; MSA 24.13109[1]).

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *Adrienne G. Southgate),* for plaintiffs.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Richard Haskins);* and *Gromek, Bendure &*

*Thomas* (by *James G. Gross*), of counsel, for defendant on appeal.

Before: J. H. GILLIS, P.J., and D. F. WALSH and N. J. KAUFMAN,* JJ.

D. F. WALSH, J. Plaintiffs and counter-defendants John Wayne Smith and his wife Connie Smith appeal from the denial of their request for a rehearing of their motion for accelerated or summary judgment on the counterclaim of defendant and counter-plaintiff Detroit Automobile Inter-Insurance Exchange (DAIIE).

John Wayne Smith was injured in an automobile accident on November 15, 1973. The Smith family was insured by DAIIE under a no-fault policy providing for wage loss benefits. Mr. Smith missed no time from work following the accident until he left his employment on November 23, 1975. DAIIE paid him wage loss benefits at the monthly rate of $1,000 until November 14, 1976. On November 15, 1976, Mr. Smith filed a petition for workers' compensation benefits. In his petition he listed dates of "10/14/73 and subsequent" for a work-related automobile accident in which he had incurred injuries to his back and legs. His claim for benefits was redeemed on May 8, 1978, in the amount of $12,500. The redemption order listed the following dates of injury: October 14, 1973, November 15, 1973 (the date of the accident giving rise to the instant controversy), and November 23, 1975 (Mr. Smith's last day of work).

On February 4, 1977, plaintiffs commenced this action against DAIIE, alleging failure to pay full benefits due under the insurance policy. It was in their August 18, 1978, response to DAIIE's inter-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

rogatories that plaintiffs first informed DAIIE of the workers' compensation petition and redemption.

On April 18, 1980, DAIIE filed a counterclaim, demanding reimbursement of no-fault benefits in the amount of the workers' compensation redemption received by Mr. Smith. MCL 500.3109(1); MSA 24.13109(1).

Pursuant to plaintiffs' request, their complaint was dismissed on July 23, 1980. They also sought dismissal of DAIIE's counterclaim. On appeal, they challenge the circuit court's refusal to order dismissal of the counterclaim. The case is before this Court for resolution of a certified question of law:

"That on March 24, 1981, the Honorable Irwin H. Burdick, Circuit Judge for the County of Wayne, entered an order denying plaintiffs' motion for accelerated and/or summary judgment on rehearing and further certified the question of the application of the Supreme Court's decision interpreting § 3109 of the no-fault act to be a controlling question of law to which there is substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of this litigation."

Section 3109(1) of the Michigan no-fault insurance act provides:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury." MCL 500.3109(1); MSA 24.13109(1).

On January 4, 1979, during the pendency of the instant controversy, the Michigan Supreme Court settled the question of the constitutionality of § 3109(1) as it applies to the set-off of duplicative

federal social security benefits. *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979), *reh den* 406 Mich 1103 (1979). A constitutional challenge to the statute's application in the context of the receipt of duplicative workers' compensation benefits was rejected by the Supreme Court in *Mathis v Interstate Motor Freight System,* 408 Mich 164, 186-187; 289 NW2d 708 (1980).[1]

In the instant case, DAIIE claims the right to be reimbursed to the extent that workers' compensation benefits have been received by Mr. Smith which duplicate no-fault benefits which have been paid to him. Plaintiffs argue that at the time they commenced their suit for additional no-fault benefits, this Court had consistently found that § 3109(1) was unconstitutional and had denied the set-offs described in the statute. They contend that the trial court's denial of their motion for judgment on DAIIE's counterclaim constitutes an impermissible retroactive application of a new rule of substantive law.

DAIIE correctly observes that the Supreme Court did not announce a new rule of law in *O'Donnell, supra,* but rather held that the rule of law established by the Legislature in 1973 was not unconstitutional. In so ruling, the Supreme Court

---

[1] The statute's constitutionality was an issue which had been addressed in several opinions of this Court, with varying results, *O'Donnell v State Farm Mutual Automobile Ins Co,* 70 Mich App 487; 245 NW2d 801 (1976), *rev'd* 404 Mich 524; 273 NW2d 829 (1979), *reh den* 406 Mich 1103 (1979); *Wysocki v Detroit Automobile Inter-Ins Exchange,* 77 Mich App 565; 258 NW2d 561 (1977), *rev'd* 406 Mich 860; 275 NW2d 551 (1979); *Pollock v Frankenmuth Mutual Ins Co,* 79 Mich App 218; 261 NW2d 554 (1977); *Mielke v Michigan Millers Mutual Ins Co,* 82 Mich App 721; 267 NW2d 165 (1978), *rev'd* 406 Mich 858; 275 NW2d 553 (1979); *Smart v Citizens Mutual Ins Co,* 83 Mich App 30; 268 NW2d 273 (1978); *Greene v State Farm Mutual Automobile Ins Co,* 83 Mich App 505; 268 NW2d 703 (1978); *Hawkins v Auto-Owners Ins Co,* 83 Mich App 225; 268 NW2d 534 (1978).

necessarily found that the statute had been constitutional since its adoption.

In *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), the Supreme Court held that the statutorily prescribed cost of living increases in workers' disability compensation benefits applied only to maximum, and not minimum, weekly rates for total disability. The Court expressly provided for the limited application of its holding:

> "Although our holding is based on what we perceive to have been the intent of the Legislature at the time of enactment of the provisions discussed, in practical effect, given the contrary interpretations of the law by the Director of the Bureau of Workers' Compensation and the bureau's subdivisions, the Workers' Compensation Appeal Board and its hearing referees, and the Court of Appeals, today's holding is not unlike the announcement of a new rule of law. Its application therefore should be treated accordingly. See *Whetro v Awkerman,* 383 Mich 235; 174 NW2d 783 (1970); *Parker v Port Huron Hospital,* 361 Mich 1; 105 NW2d 1 (1960); *Bricker v Green,* 313 Mich 218; 21 NW2d 105 (1946).
>
> "In the interest of fairness we do not believe our holding should affect any disability compensation payments already made. Consequently, no recipient will be obligated to repay sums already received by reason of the erroneous computation formula we have nullified today. However, any benefits due and not yet paid or to be awarded after the date of this opinion shall be in accord with this ruling." *Gusler, supra,* p 298.

At oral argument, plaintiffs urged this Court to apply the Supreme Court's *Gusler* approach and to rule that the *O'Donnell* and *Mathis* holdings do not mandate the relief requested by DAIIE in this case. In neither *O'Donnell* nor *Mathis,* however, did the Supreme Court provide for the limited applicability of its holdings. While the Supreme

Court, in the interests of justice, is empowered to limit the applicability of its decisions, the authority to dictate the limited application of a Supreme Court declaration of a statute's constitutionality lies, in our judgment, not with this Court but exclusively with the Supreme Court.

We hold that, at the time no-fault benefits were paid, DAIIE was entitled to subtract duplicative workers' compensation "[b]enefits provided or required to be provided * * * from the personal protection insurance benefits otherwise payable for the [November 15, 1973] injury". We do not decide whether such duplicative benefits were provided or were required to be provided, and we do not decide what, if any, subtraction was statutorily authorized.

Denial of plaintiffs' motion for accelerated or summary judgment is affirmed. Remanded for further proceedings.