831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone SIMMONS, Plaintiff-Appellant,
v.
WESTIN HOTEL COMPANY, Defendant-Appellee.
 No. 85-1694.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1987.
 
 Before BOYCE F. MARTIN, Jr., and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Tyrone Simmons appeals from the district court's order granting summary judgment in favor of defendant Westin Hotel Company in this case brought under Title VII, 42 U.S.C. Sec. 2000e(2)(a) and 42 U.S.C. Sec. 1981. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 Tyrone Simmons (Simmons), a black man, was employed by Westin Hotel Company (Westin) as a banquet house attendant at its hotel in Detroit, Michigan. Simmons was hired on May 17, 1983 and became a member of Local 24 of the Hotel, Motel, Restaurant Employees, Cooks and Bartenders Union of the Hotel Employees and Restaurant Employees International Union, AFL-CIO (the union). Under the terms of the collective bargaining agreement between the union and Westin, new employees are considered probationary employees and do not acquire any seniority rights for a period of thirty working days. This period can be extended another thirty calendar days upon written notice to the employee and the union. The agreement also contained a multi-step grievance procedure that culminated in binding arbitration.
 
 
 3
 On June 27, 1983, during Simmons' probationary period, Samuel Gaut, Simmons' supervisor, gave Simmons written notice that his probationary period would be extended to July 28, 1983.[1] The memo stated the following reasons for this action:
 
 
 4
 --Tardy May 28, 1983 15-minutes.
 
 
 5
 --Twice talked to regarding work pace/performance (May 20, 1983 and June 13, 1983).
 
 
 6
 --Lacking knowledge of work once given in specific detail.
 
 
 7
 --No call, no show for work June 21, 1983.
 
 
 8
 On July 19, 1983, Simmons was again late for work. He was suspended on that day pending a review of his records and was subsequently terminated.
 
 
 9
 On August 2, 1983, Simmons filed a grievance through the union. The grievance was denied on August 17, 1983. No appeal was taken from this denial and the grievance was not taken to arbitration. On October 7, 1983, Simmons filed a charge of race discrimination against Westin with the Equal Employment Opportunity Commission (EEOC). The EEOC issued its determination of no reasonable cause and its right to sue letter on May 31, 1984. On September 14, 1984, Simmons filed a three-count complaint against Westin alleging (1) race discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec. 1981, (2) denial of due process in the handling of his grievance, and (3) retaliatory refusal to reinstate Simmons to his former position.
 
 
 10
 On June 10, 1985, Westin filed a motion for summary judgment. This motion was supported by affidavits setting forth factual reasons for the discharge. Simmons opposed this motion. His affidavits supporting this opposition denied the factual statements made by the defendant and restated the allegations in his complaint, but did not set forth specific facts. A hearing was held on this motion on August 1, 1985 and in a bench opinion the district court granted the motion and dismissed all three counts of Simmons' complaint. An order was entered on August 23, 1985. This timely appeal followed.[2]
 
 II.
 
 11
 Simmons contends that the district court erred in entering summary judgment in favor of Westin. An appellate court applies the same test as used by the district court in reviewing a motion for summary judgment. Hand v. Central Transport, Inc., 779 F.2d 8, 10 (6th Cir.1985). Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion. That party must be given the benefit of all reasonable inferences. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-59, (1970); United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).
 
 
 12
 Simmons' first count claimed disparate treatment in violation of Title VII and 42 U.S.C. Sec. 1981. The burden and order of presentation of proof in a Title VII case alleging discriminatory treatment were set forth in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973).
 
 
 13
 First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." ... Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination....
 
 
 14
 Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 804 (1973)). The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. Burdine, 450 U.S. at 253. The McDonnell Douglas shifting burdens principle applies with equal force to a section 1981 action. Long v. Ford Motor Co., 496 F.2d 500, 505 n. 11 (6th Cir.1974).
 
 
 15
 In the instant case, Westin supported its motion for summary judgment with affidavits asserting that Simmons was discharged for being one and one-half hours late for work and for the inadequacy of his overall work performance and that the hotel hired five blacks, one hispanic, and one caucasian as banquet house attendants in the month following his discharge. In its answers to interrogatories, Westin asserted that the reasons for the extension of Simmons' probationary period were tardiness, absenteeism, problems with work pace and performance, and lack of knowledge of work. In his affidavit supporting his opposition to defendant's motion, Simmons reasserted his discrimination claim and denied the factual allegations made by defendant. Simmons also asserted that he was a permanent employee at the time of the discharge. The plain reading of the collective bargaining agreement demonstrates the falsity of this assertion. Simmons bases this allegation on the assertion that he was hired on May 17 and that under the agreement he was a probationary employee for 30 days which time could be extended another 30 days. Under his reading of the agreement, he asserts that he became a permanent employee on July 17th. The agreement, however, provides that the initial probationary period runs for 30 working days with a permissible extension for 30 calendar days. Under the correct view of the agreement Simmons would not have been a permanent employee until July 28th.
 
 
 16
 Simmons made no factual allegations to counter Westin's facts setting forth its reason for his discharge.
 
 
 17
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
 
 
 18
 Fed.R.Civ.P. 56(e).
 
 
 19
 Assuming arguendo that Simmons established a prima facie case, Westin has set forth a legitimate nondiscriminatory reason for the discharge, and Simmons has not set forth any facts that show that the reasons were untrue or were a pretext for discrimination. Therefore, the defendants were entitled to judgment as a matter of law, and the district court properly granted summary judgment for defendant on Simmons' title VII and section 1981 claim.
 
 
 20
 Simmons claimed in his second count that the manner in which his grievance was handled denied him his rights to procedural due process.
 
 
 21
 In order to maintain a cause of action for denial of due process under the federal or state constitution, Simmons was required to allege and prove "state action," i.e., some requisite amount of state involvement in the defendant's activities or actions. See, e.g., Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349-50 (1974); Shavers v. Attorney General, 402 Mich. 554, 597 (1978), cert. denied, 442 U.S. 934 (1979), appeal after remand, 412 Mich. 1105 (1982). Simmons did not allege state action in his complaint or in his affidavit supporting his opposition to summary judgment. Absent such an allegation, the granting of summary judgment on this claim is proper.
 
 
 22
 Finally, in his third count, Simmons claimed that Westin's failure to reinstate him after his EEOC hearing was in retaliation for filing a grievance with the union and a race discrimination claim with the EEOC. Simmons' support for this claim was the allegation that the EEOC recommended his reinstatement and that Westin falsely claimed he was a probationary employee when it refused to reinstate him. The latter allegation is contradicted by the plain reading of the collective bargaining agreement. The former allegation is refuted by the EEOC's determination that no reasonable cause was found to believe the allegations were true. Since, no basis was asserted for this claim, the district court properly granted summary judgment on Simmons' third count.
 
 
 23
 Having construed the pleadings, affidavits and answers to interrogatories favorably to the appellant, we find that they do not raise a genuine issue of material fact and that the entry of summary judgment was appropriate. Accordingly, we AFFIRM the district court's judgment dismissing the complaint.
 
 
 
 [1]
 Simmons does not contend that this notice was not also given to the union
 
 
 [2]
 On September 13, 1985, Louis Labbe, Simmons' pro bono attorney, filed a Motion For Leave To Withdraw As Counsel For Plaintiff. While the record before us does not show the disposition of this motion, appellant appears before this court pro se